O'CONNELL v. MASON et al.

(Circuit Court of Appeals, First Circuit. August 25, 1904.)

No. 519.

1. JUDGES—ACTION TO CHARGE WITH CIVIL LIABILITY.

Under the settled rule that judges of courts of general jurisdiction are not subject to civil actions by private suitors for their acts unless such acts are clearly outside the jurisdiction of the court in which they preside, a declaration does not state a cause of action, within the exception to such rule, by a mere general allegation that the acts complained of were not judicial acts, and were done without authority or jurisdiction, where the particular acts set out do not sustain such general allegation.

2. ACTION IN FORMA PAUPERIS—DISMISSAL—STATUTE CONSTRUED.

The provision of Act July 20, 1892, c. 209, § 4, 27 Stat. 252 [U. S. Comp. St. 1901, p. 707], authorizing the court to dismiss an action brought thereunder in forma pauperis if satisfied that the alleged cause of action is frivolous or malicious, applies to cases where the affidavit of poverty is filed simultaneously with the filing of the writ.

3. DISMISSAL—FRIVOLOUS ACTIONS—POWERS OF COURT.

Aside from any statutory authority, a court of general jurisdiction has power on its own motion to dismiss an action as frivolous where the pleadings present no cause of action recognized by the law.

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 127 Fed. 435.

Bernard D. O'Connell, pro se.

Herbert Parker, Atty. Gen. of Massachusetts, Frederick H. Nash, Asst. Atty. Gen., of Massachusetts, Lewis S. Dabney, Walter I. Badger, Charles W. Bartlett, Samuel J. Elder, and Marquis F. Dickinson, for defendants in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. The rule of law which holds that judges of courts of general jurisdiction shall only be subject to civil actions by private suitors in certain exceptional cases—as, for instance, where the acts complained of are clearly outside the jurisdiction of the court in which the judge presides—is very old and well understood. It is by no means and in no sense a rule of nonliability of modern enunciation or invention. The rule is founded upon a public policy which demands an independent judiciary, the leading idea being not so much protection to the judges or the courts as protection to the public in the right of an independent administration of justice.

Generally speaking, the remedy against an oppressive judiciary is a public remedy, which resides with the people at large, to be used by their authorized and responsible agents and representatives. We do not deem it at all necessary to elaborate or discuss a rule which has for a long time been familiar to the legal profession and to an intelligent and justly discriminating public, both in this country and England.

The questions involved in this case received very careful and painstaking consideration by the learned judge who presided in the Circuit Court, and we fully agree with the result there reached.

The only allegations in the declaration in question which tend to bring the case within the exception to the general rule of nonliability are the paragraphs which allege that the acts complained of were not judicial acts under the circumstances, and were done without authority or jurisdiction. Such general allegations are not sufficient to control the question whether a case shall proceed to trial, or, on the other hand, be dismissed upon the ground that the declaration states no cause of action, and that the proceeding is therefore frivolous. Rules of pleading require the particular acts complained of to be set forth. This the plaintiff does in this case, and in his general and concluding allegation says, "Said acts were not judicial acts," etc. An examination of the particular allegations show that all the acts relate to official doings and judicial functions exercised with reference to matters within the jurisdiction of the courts of which the defendants in question were judges. "Mere epithetic charges" of conspiracy and of oppression through extrajudicial doings are not sufficient to bring the case within the exception to the general rule of nonliability. The particular acts in support of the general charge must be stated, and, being stated in this case, they do not, in our view, sustain the general allegations in the sense of stating a legal cause of action.

We see no defect in the construction of the statute in question adopted by the court below which makes that provision of the act of Congress of July 20, 1892 (27 Stat. 252, c. 209, § 4 [U. S. Comp. St. 1901, p. 707]), with reference to the power of dismissal of frivolous or malicious actions, apply to cases where the affidavit of poverty was

filed simultaneously with the entry of the writ. While in a strictly technical sense the suit was brought when the writ was made, in the substantial and essential sense it was brought when the suit was entered and the parties were before the court. It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings. It would be extremely unwise and technical to defeat the manifest and salutary purpose of Congress by making this meritorious safeguard of power to dismiss apply only to proceedings where the affidavit of poverty was filed before the writ was filled out, thereby leaving at large frivolous cases in which parties avail themselves of the statute after the suit is technically brought and before the actual and substantial controversy begins.

But quite aside from the power to dismiss conferred by the statute in question, we have no doubt of the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings which upon the face of the pleadings present no cause of action recognized by the law. Unquestionably, the power to dismiss exists quite independent of express statutory authority, and may be exercised in a proper case by the court upon its own motion.

Among the later well-considered cases to this effect is that of Webb v. Fisher, 109 Tenn. 702, 72 S. W. 110, 60 L. R. A. 791, 97 Am. St. Rep. 863, where the court, declining to grant leave to the defendant to withdraw the general issue and to demur, proceeded upon its own motion to dismiss the suit upon the ground that the declaration stated no cause of action.

The judgment of the Circuit Court is affirmed, without costs to either party.