TIBBALS et al. v. MICA MOUNTAIN MINES, Inc., et al.

No. 3719.

United States Court of Appeals
Tenth Circuit.

Feb. 2, 1949.

John J. Spriggs, of Lander, Wyo, for appellants.

Perris S. Jensen, of Salt Lake City, Utah (H. S. Harnsberger, of Lander, Wyo., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an action in ejectment brought by Anna M. Tibbals and Spriggs against Mica Mountain Mines, Inc., a corporation, and Clinger, Monson, and Egli, as trustees of such corporation, to recover possession of a group of patented mining claims, damages for withholding possession thereof, and for an accounting of ores and minerals removed from such mining claims.

Such mining claims have been involved in much litigation in the state courts of Wyoming. See Tibbals v. Keys, 40 Wyo. 524, 281 P. 190; Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, 62 P.2d 285. From the opinions in those cases, these facts appear:

On July 28, 1900, Barney N. Tibbals[1] and John C. Spry entered into a written

---

[1] Hereinafter called Tibbals.

contract which recited that Spry had theretofore been the owner of the mining claims; that such claims had become the property of the Federal Gold Mining Company, a corporation, and that Spry, in working and developing such claims, had employed Tibbals, as manager, and agreed to pay him $50 per month and one-tenth of the net profits accruing from such mining claims. Subsequently thereto, and prior to March, 1904, a working option to buy the claims was given to Thomas Ewing. On March 1, 1904, Tibbals and Spry entered into a second contract by which Tibbals agreed to accept $17,500 in full and complete satisfaction of all his claims against Spry, to be paid from the purchase money received by Spry from the sale of the mining claims.

Thereafter, Spry died and Tibbals brought an action on the contract against Spry's executors seeking a decree establishing a lien against the mining claims to secure $17,500, with interest from the date of the contract and foreclosing the lien and ordering the sale of such mining claims to satisfy the amount due thereunder. In that action, the trial court decided against Tibbals. On appeal, the Supreme Court of Wyoming held that Keys became the trustee of an express trust to sell the mining claims and pay Tibbals from the proceeds of such sale, and that Tibbals was entitled to a decree establishing a lien against the mining claims to secure the claim of $17,500, with interest, and ordering the sale of the mining claims, if necessary, to satisfy Tibbals' claim, and reversed and remanded with instructions to enter judgment accordingly. See 281 P. 190.

Midwest Mines Corporation[2] acquired a lease on the mining claims, took possession thereof, and expended substantial sums of money thereon. Numerous persons became entitled to liens upon the mining claims for labor and materials. In a case pending in the district court for Fremont County, Wyoming, entitled J. J. Marrin v. Midwest Mines Corporation, numbered 4561, on November 3, 1930, Marshall Graham was appointed receiver of Midwest and as such receiver went into possession of the mining claims and certain mining machinery and fixtures thereon, and has at all times since that date been such receiver and in possession of such mining claims and other property.

An action was brought in the state court of Wyoming by the Federal Gold Mining Company against Tibbals, numbered 4623. An order was entered in that action making Graham, as receiver, and other persons, parties defendant. Later, the state court entered an order of dismissal as to Graham, as receiver, and the other persons made parties defendant.

Thereafter, a judgment was entered in number 4623, in favor of Tibbals, dismissing the petition of the Federal Gold Mining Company, declaring Tibbals to have a valid, prior and subsisting lien against the mining claims to secure $17,500, with interest, and ordering the sale of the property to satisfy the amount due under such lien. Pursuant to that judgment, a judicial sale was held on October 15, 1932.

Thereafter, Tibbals and Spriggs brought an action against Graham and others in ejectment, claiming to have acquired a fee title and the right to possession of the mining claims through such judicial sale of October 15, 1932.

Graham, as receiver, filed a cross-petition in which he set up that Midwest took possession of and operated the mining claims under a lease and expended approximately $70,000 thereon; that numerous persons became entitled to liens upon the claims and the machinery and fixtures thereon, for labor and materials. He further alleged his appointment as receiver in number 4561 and that since such appointment he had been in possession of such mining claims, machinery and fixtures as the receiver of the state court. He further alleged that the judicial sale was void because of a contract entered into between Tibbals and others, which chilled and "stifled free, fair and competitive bidding" at the judicial sale.

A trial was held to the court and a judgment was rendered on March 27, 1934, in favor of Tibbals and Spriggs for possession of the property and damages in the

---

[2] Hereinafter called Midwest.

sum of $500. Thereafter, on October 12, 1934, the judgment was vacated and on September 16, 1935, a judgment was entered in favor of Graham, as receiver, against Tibbals and Spriggs. The case reached the Supreme Court of Wyoming on appeal. The Supreme Court held that an agreement entered into between Tibbals and others so stifled competitive bidding as to render the sale subject to avoidance in equity. It further held that at the time of the sale, the property was in the possession of the receiver, and, therefore, in custodia legis and was not subject to judicial sale without the consent of the court having jurisdiction of the receivership, and that, since the receiver was not a party to the proceedings, in which the judicial sale was purported to be made, at the times the judgment was entered therein, the sale made, and the order of confirmation entered, the receiver was not bound by the order of sale or the order confirming the sale; that the state court was without jurisdiction to make the judicial sale and that such sale was subject to collateral attack and void. It affirmed the judgment of the lower court. See 61 P.2d 279. On rehearing, the Supreme Court futher held that, although the lien of Tibbals was superior to any rights of the receiver, so long as the property remained in the possession of the receiver, the property could not be sold in another proceeding to satisfy Tibbals' lien, and again held that the receiver was in possession of the property and that he was not bound by the order of sale or the order of confirmation in Federal Gold Mining Company v. Tibbals. See 62 P.2d 287.

In their answer, defendants alleged they were in possession of the mining claims under a valid contract with the receiver, Graham, set up the pleadings, judgment, and decisions in Tibbals and Spriggs against Graham and others in the district court of Fremont County, Wyoming, and alleged that Anna M. Tibbals claimed through Tibbals and was in privity with him, and that the action was barred under the doctrine of res judicata. The trial court entered a summary judgment in favor of the defendants and Anna M. Tibbals and Spriggs have appealed.

Anna M. Tibbals claims through, and is the privy of, Tibbals. The defendants herein claim through, and are the privies of, Graham, as receiver.

■ The cause of action sued on in the former action of Tibbals and Spriggs against Graham and others in the district court of Fremont County and the cause of action sued on in the instant case are identical. Moreover, every issue raised in the instant action was presented and decided adversely to Tibbals and Spriggs in such former action. Under the doctrine of res judicata, the judgment in such former action is a bar to the instant action; and Anna M. Tibbals and Spriggs are estopped by the judgment in such former action to relitigate the issues which were adjudicated therein.[3]

■ In order to maintain ejectment, the plaintiff must show that he has title to, and is entitled to the possession of, the lands.[4]

■ It was affirmatively adjudicated in the former action that the judicial sale, through which Tibbals claimed, and Anna M. Tibbals and Spriggs, privies of Tibbals, now claim, was void. It follows that Anna M. Tibbals and Spriggs do not have either the legal or equitable title to the mining claims. They cannot maintain ejectment. They have only a valid prior lien, which they have the right to enforce by appropriate proceedings.

. Affirmed.

---

[3] Henderson v. United States Radiator Corp., 10 Cir., 78 F.2d 674, 675.

[4] Allen v. Houn, 30 Wyo. 186, 219 P. 573, 583; Wyo.Comp.Stat.1945, § 3-7003.