## FLETCHER v. FLOURNOY.

## FLETCHER v. NOSTADT.

Civ. A. Nos. 5786, 5685.

United States District Court
D. Maryland, Civil Division.

Dec. 16, 1952.

Edmond C. Fletcher in pro. per.

John S. Stanley, D. Heyward Hamilton, Jr., Baltimore, Md., Hershey, Donaldson, Williams & Stanley, Baltimore, Md., for Flournoy.

Chas. E. Morganston, Washington, D. C., Norman P. Ramsey, Baltimore, Md., Semmes, Bowen & Semmes, Baltimore, Md., for Nostadt.

CHESNUT, District Judge.

These two cases present situations that are similar and can conveniently be treated in this one memorandum opinion. The plaintiff is the same in both cases. The defendants are different because they are respectively in possession of different lots of land in Maryland. The jurisdiction of the court is diversity of citizenship only. In both cases the plaintiff is suing in ejectment to recover re-possession of the respective lots of land and damages for their detention.

After various supplemental pleadings and proceedings both parties in each case have separately filed motions for summary judgment or for judgment on the pleadings under Federal Rules of Civil Procedure, rules 12(c) and 56, 28 U.S.C.A.

I have heard counsel for the parties in oral argument in court on several occasions in each case and have considered their respective briefs. The substance of the matter as I gather it not only from the papers on file but from arguments of counsel, is this. The former owners of the land in question mortgaged them to the Home Owners Loan Corporation, a federal agency. The mortgages were foreclosed and the defendants in the two cases claimed title under the foreclosure proceedings. The plaintiff subsequent to the mortgages obtained a deed for the properties from the original mortgagors or their successors in title. The contention of the plaintiff is that the defendants did not obtain a good title to the properties under the mortgage foreclosure proceedings because the Home Owners Loan Corporation was never validly incorporated and was not capable of holding title by mortgage.

Prior to the institution of the presently pending case in this court the plaintiff, Edmond C. Fletcher, sued each of the defendants respectively in the Circuit Court for Montgomery County, Maryland, the property being situated in Chevy Chase in that county. The Flournoy case was removed by the plaintiff to Howard County for trial. It resulted in a judgment for the defendant. The case was appealed by the plaintiff to the Maryland Court of Appeals where the judgment was affirmed. Fletcher v. Flournoy, 1951, 81 A.2d 232, (Opinion by Markell, J.). The Supreme Court denied certiorari in the case, 343 U.S. 917, 72 S.Ct. 649, 96 L.Ed. 1331, March 31, 1952. In the Flournoy case in this court the defendant moved for a summary judgment based on affidavit in support thereof and an exhibit purporting to be a copy of the judgment in the state court in favor of the defendant. After hearing counsel this motion was at the time overruled without prejudice with leave to the defendant to answer. The defendant duly filed an answer setting up as one of the defenses the plea of res adjudicata and supported it with an affidavit and certified copy of the state court record from Howard County. Defendant again moved for judgment on the pleadings under Rule 12(c).

 After considering the papers and the arguments of counsel I have concluded that the defendant's motion for summary judgment on the ground of res adjudicata should be granted. The parties are the same, the property is the same and there seems to be no sufficient answer on the part of the plaintiff to the defense of res adjudicata and therefore no real issue of any material fact left in the case. Under the new rules with regard to judgment on the pleadings or motion for summary judgment it is now well established that the defense of res adjudicata can be raised as it has been presented by the defendants in this case. See Schwartz v. Levine & Mallon, Inc., 2 Cir., 111 F.2d 81; Eberle v. Sinclair Prairie Oil Co., D.C., 35 F.Supp. 296; Jones v. Zurich Gen. Acc. & Liability Ins. Co., 2 Cir., 121 F.2d 761; Tibbals v. Mica Mountain Miners, Inc., 10 Cir., 172

F.2d 449; Ellis v. Cates, 4 Cir., 178 F.2d 791.

 The plaintiff has made two objections to the sufficiency of the record in the Circuit Court for Howard County in the Flournoy case. The principal point made is that the record shows judgment for the defendant for costs. He contends that this is not a judgment in favor of the defendant on the question of title but only for costs. It does not appear, however, that that point was made on appeal. But apart from that it is my understanding that this is the customary form of entry of a final judgment in favor of the defendant in an ejectment case in accordance with the Maryland procedure. The standard authority on Maryland practice is Poe on Pleading and Practice, Vol. II, § 481, where it is said that the judgment in favor of the defendant in an ejectment case is that the defendant go without day and costs in his favor. It is my understanding that a judgment for the defendant for costs is the shortened customary entry in Maryland practice. It also appears from the record in the Howard County case that the court entered a summary judgment for the defendant in the case.

 In the Nostadt case in this court the procedure was substantially the same as that in the Flournoy case. The plaintiff makes the additional point in the Nostadt case that the record of judgment in favor of the defendant for costs was directed by the Judge at the conclusion of the trial instead of a verdict having been taken from the jury in that case under instructions of the court. There is, however, no merit in this contention because the Maryland procedural rule expressly authorizes that to be done. See General Rules of Practice and Procedure, Trials Rule 4A, Flack's Annotated Code of Maryland, 1951 ed., reading:

"Upon the granting by the Court of an instruction granting a verdict, the court shall instruct the clerk to enter such verdict, and to note that it has been entered by the court's instruction; it shall not be necessary for the jury

by its foreman, or otherwise, to render such verdict."

The docket entries in the case in Montgomery County show that the motion for a directed verdict in favor of the defendant was granted and verdict in favor of the defendant filed June 14, 1951, after the adoption of the rule.

As the plaintiff's motions for summary judgment in both cases are necessarily inconsistent with the conclusion reached on the defendants' motions, the plaintiff's motions are *overruled*. I have considered them but find that they are based on supposed lack of literal compliance with the rules of federal procedure in the filing of pleadings, motions and papers by the defendants. I have considered these points made by the plaintiff but do not find that there is any substantial basis for support of the plaintiff's motion for summary judgment, in view of what I think is the sufficiency of the papers as finally amended or corrected and re-filed by the defendants respectively in the two cases.

The clerk is therefore directed to enter summary judgment for the defendant in each of the above cases.