**FLETCHER v. NOSTADT.**

**FLETCHER v. FLOURNOY.**

**FLETCHER v. FITZWATER et ux.**

Nos. 6596–6598.

United States Court of Appeals
Fourth Circuit.

Submitted June 3 and 5, 1953.

Decided July 9, 1953.

Edmond C. Fletcher, pro se.

Charles E. Morganston, Washington, D. C., on brief for appellee, Nostadt.

John S. Stanley, D. Heyward Hamilton, Jr., and Hershey, Donaldson, Williams & Stanley, Baltimore, Md., on brief, for appellees, Flournoy and Fitzwater.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals in three actions of ejectment in which summary judgments were entered for defendants in the court below, in application of the principle of res judicata, when defendants produced certified transcripts of the records and judgment rolls of proceedings had in Maryland state courts involving the same parties and the same property. The nature of the controversy is shown by the opinion of the Court of Appeals of Maryland in the Flournoy case, Fletcher v. Flournoy, 81 A.2d 232, certiorari denied 343 U.S. 917, 72 S.Ct. 649, 96 L.Ed. 1331. The plaintiff was unquestionably concluded by the judgments entered in the state courts and nothing need be added to the opinion of Judge Chesnut to that effect filed in the Flournoy

and Nostadt cases, which is adopted as the opinion of this court. See also Ellis v. Cates, 4 Cir., 178 F.2d 791; Tibbals v. Mica Mountain Mines, 10 Cir., 172 F.2d 449; Fletcher v. Krise, 4 Cir., 138 F.2d 740.

There was no irregularity in the entry of the summary judgments. In the Nostadt case, defendant in answering pleaded res judicata but attached an incomplete copy of the judgment roll and proceedings of the state court to the answer. A motion by plaintiff to strike this allegation was allowed. Defendant then filed a motion for summary judgment accompanied by an affidavit which was subsequently amended by attaching thereto a complete exemplified copy of the entire record in the state court. As it was within the power of the court to allow amendment of the pleadings at any time, there was nothing improper in treating them as amended by the allegations of the affidavit filed in support of the motion for summary judgment. In the Flournoy and Fitzwater cases, motions for summary judgments, made prior to the filing of answer and supported by affidavits to which were attached partial records of the proceedings in the state courts, were overruled by the trial judge and permission was given defendants to answer. Defendants then answered, pleading the proceedings in the state courts as res judicata and presenting certified copies of the judgment rolls and proceedings in the state court cases, and moved for judgment on the pleadings. No attempt was made in any of the cases to contradict the records so produced. In all three cases plaintiff made motions for summary judgment on the admissions made by defendants in answer to interrogatories. When these motions along with the motions of defendants came on for hearing, it appeared that there was no issue of fact left for trial in any of the cases, since the plaintiff was bound by the judgments which had been entered against him in the state courts. In the two cases in which motion had been made for judgment on the pleadings, it was proper for the trial judge to treat such motion as a motion for summary judgment, Rule 12(c), and dispose of it under rule 56, 28 U.S.C.A.

The plaintiff says that the formal judgments in favor of the defendants in the state actions purported to be merely for costs; but, as pointed out by Judge Chesnut, this is in accord with the Maryland practice in entering judgment on the merits for defendant in an ejectment action. Plaintiff says also that the judgments appealed from are merely for costs, but the orders for judgment direct that judgments be entered for defendants on the basis of the estoppel established by the state court judgments and clearly amount to an adjudication of the matters in controversy between the parties in favor of the defendants. If, as argued by appellant, they were not final judgments, no appeal would lie from them; and, if we thought them insufficient in form, the proper course would be, not to reverse them, but to remand the cases with direction that proper judgments be entered.

There was no error and the judgments appealed from will be affirmed.

Affirmed.