**Edmond C. FLETCHER, Appellant,**

v.

**Courtney R. YOUNG and Eleanor M. Young, his wife, Appellees.**

**No. 6922.**

United States Court of Appeals
Fourth Circuit.

Argued March 10, 1955.

Decided April 1, 1955.

See also 16 F.R.D. 509.

Edmond C. Fletcher, pro se.

John S. Stanley and D. Heyward Hamilton, Jr., Baltimore, Md., on the brief for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an action instituted in forma pauperis. The action was one to recover a lot in Chevy Chase, Maryland, with rents and profits from April 27, 1940. Plaintiff had been allowed to commence and prosecute the suit in forma pauperis under 28 U.S.C. § 1915 which provides, however, that the court "may dismiss the case * * * if satisfied that the action is frivolous or malicious." Defendants filed a motion to dismiss on the ground that the action was frivolous and in support of the motion stated in writing therein that plaintiff was claiming title under a deed from persons who had mortgaged the lot to the Home Owners' Loan Corporation; that they had defaulted under the mortgage and that the lot had been sold and title thereto acquired by defendants under foreclosure proceedings; that plaintiff was claiming title on the ground that the Home Owners' Loan Corporation had not been validly incorporated and that this question had been decided contrary to plaintiff's contention in a number of cases in the state and federal courts.

The plaintiff did not controvert any of the statements contained in the motion but moved to expunge it from the record on the ground that it was not authorized by Rule 12(b) of the Federal Rules of Civil Procedure, and therefore encumbered the record with redundant and immaterial matter. The defendants filed requests for admissions of fact showing that the title to the property lay in them and that the contrary contention of the plaintiff had been previously decided against him in cases filed by him in state and federal courts in Maryland. The plaintiff did not answer the requests but filed objections thereto. The matter came on for hearing before Judge Coleman in the District Court on the plaintiff's motion to expunge from the files the defendants' motion to dismiss, and on the defendants' motion to dismiss the complaint, and after hearing, the court ordered that the plaintiff's motion to expunge be overruled and the defendants' motion to dismiss the complaint be granted and that the complaint be dismissed.

Subsequently the matter came before Judge Thomsen upon a motion of the plaintiff for a new hearing and the parties were heard. In connection therewith the defendants renewed their requests for admission of facts and the plaintiff filed objections thereto. These

objections were overruled and the plaintiff filed a reply in which he denied certain facts contained in the requests but showed clearly that his case was based on the contention that the Home Owners' Loan Corporation, through which the defendants traced their title to the property involved in the suit, was never incorporated and further showed that his contentions in this suit are substantially the same as those he had previously made in cases which had been decided against him. In this state of the record the District Judge dismissed the plaintiff's motion for a rehearing on the previous order of Judge Coleman so that the dismissal of the case was sustained.

■ We think that the motion was properly dismissed. Since the plaintiff's answers to the requests for admissions showed that the defendants' title to the property had been sustained by previous decisions the court was justified in treating as established the allegations of the motion to dismiss. In the light of the previous decisions, the plaintiff's claim to title, based on the invalidity of the charge of the Home Owners' Loan Corporation, was frivolous. See Fletcher v. Flournoy, D.C., 113 F.Supp. 727, affirmed, 4 Cir., 205 F.2d 896, certiorari denied 346 U.S. 877, 74 S.Ct. 126, 98 L.Ed. 385, rehearing denied 346 U.S. 913, 74 S.Ct. 238, 98 L.Ed. 409; Fletcher v. Flournoy, 198 Md. 53, 81 A.2d 232, certiorari denied 343 U.S. 917, 72 S.Ct. 649, 96 L.Ed. 1331. As the action was frivolous, there can be no question as to the power of the court to dismiss it on that ground. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Gilmore v. United States, 8 Cir., 131 F.2d 873; Morris v. Igoe, 7 Cir., 209 F.2d 108; United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105; O'Connell v. Mason, C.C., 127 F. 435, affirmed, 1 Cir., 132 F. 245; Whittle v. St. Louis & S. F. R. Co., C.C., 104 F. 286; Brinkley v. Louisville & N. R. Co., C.C., 95 F. 345, mandamus denied United States ex rel. Brinkley v. Hammond, 6 Cir., 100 F. 1006; Whelan v. Manhattan R. Co., C.C., 86 F. 219.

■■ Power to dismiss an action on motion under 28 U.S.C. § 1915(d) on the ground that it is frivolous is not limited or impaired by the provisions of Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C. The ground of such motion is not a defense, within the meaning of that rule, but action in accordance with the public policy embodied in the statute, viz. that, while persons who are unable to pay costs or give security therefor should be allowed to prosecute or defend actions for the protection of their rights without being required to pay costs or give security, they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious. As said by Judge Aldrich in O'Connell v. Mason, supra, 132 F. 245, 247:

"It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings."

The order of Judge Coleman dismissing the action was proper and the order of Judge Thomsen denying the motion for rehearing was likewise proper.

Affirmed.