**W. M. HODGES, Plaintiff,**

v.

**TRAIL CREEK IRRIGATION COMPA-NY, Incorporated, Defendant.**

**No. 1968–E.**

United States District Court
D. Idaho, E. D.

Aug. 2, 1957.

A. A. Merrill, Idaho Falls, Nels T. Sahl, St. Anthony, Idaho, for plaintiff.

R. Vern Kidwell, of Holden, Holden & Kidwell, Idaho Falls, Idaho, for defendant.

FRED M. TAYLOR, District Judge.

Plaintiff, W. M. Hodges, has commenced this action seeking damages against the Trail Creek Irrigation Company, Incorporated, for depriving and withholding from the plaintiff irrigation water to which he was entitled. The matter is presently before this Court on defendant's motion for a summary judgment. The issue raised by defendant's motion is that the cause has been previously adjudicated in the District Court of the Ninth Judicial District of the State of Idaho, in and for Teton County.

■ The defense of res judicata may be raised on a motion for summary judgment. Fletcher v. Flournoy, D.C., 113 F.Supp. 727; Fletcher v. Nostadt, 4 Cir., 205 F.2d 896, certiorari denied 346 U.S. 877, 74 S.Ct. 126, 98 L.Ed. 385, 409.

In support of its motion defendant has filed herein, as exhibits, the following: A certified copy of a complaint in a cause entitled, "W. M. Hodges, plaintiff, vs. Trail Creek Irrigation Company, Incorporated, defendants"; a certified copy of the answer and cross-complaint of the defendant in said action; a certified copy of the findings and conclusions in said action; the affidavit of Vern Kidwell, counsel for defendant. According to these exhibits and the record, it appears that said action in the State Court was commenced on June 21, 1955, and subsequent to an appeal to the Supreme Court of the State of Idaho, a final judgment and decree in said action was made and entered on May 4, 1956.

The sole question presented is whether the action in the State Courts between the parties hereto precludes the plaintiff from prosecuting this action.

The action in the State Courts was between the same parties as are involved in this action. That action was for the purpose of quieting title to a decreed

water right for the irrigation of plaintiff's land. In that action the defendant disputed plaintiff's claim to said water and in its cross-complaint claimed the right to the use of said water. The plaintiff in said action was ultimately successful. In the State Court action, plaintiff did not include a claim for damages. The action in the State Court arose because the plaintiff was being deprived of his decreed water right by the defendant.

The plaintiff in this action now seeks to recover damages which he claims to have suffered by reason of being deprived of said irrigation water.

In the quiet title action, commenced and prosecuted by the plaintiff against the defendant in the State Courts, the plaintiff could have claimed the damages which he is now seeking in this action. In Western Loan & Building Co. v. Bandel, 57 Idaho 101, at page 114, 63 P.2d 159, at page 164, the Court said:

"Respondents urge that recovery cannot be had, in a suit to quiet title, for rental value of premises title to which is sought to be quieted. That theory is erroneous."

Section 5–606 of the Idaho Code provides:

"The plaintiff may unite several causes of action in the same complaint, where they all arise out of:

\* \* \* \* \* \*

"2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same."

There is a split of authority on the question presented by defendant's motion. Although the Supreme Court of Idaho has not squarely passed on the question presented here, it has, however, used language in several cases which indicate what it might do should such a question arise.

In Shields v. Johnson, 1906, 12 Idaho 329, 85 P. 972, the Idaho Court considered a factual situation similar to the one we have here. In that case plaintiff in his first action sought to quiet title to certain real estate and, in addition, to recover damages for the interference with his possession. During the trial of said action, plaintiff voluntarily waived and dismissed his claim for damages and was successful in quieting his title. Thereafter plaintiff commenced another action against the same defendants seeking the same damages which he had sought in his previous action and which he had waived and dismissed in said previous action. On page 332, of 12 Idaho, on page 973 of 85 P. the Court posed the following question:

"Can a party bring an action to quiet title, with one of his causes of action alleging $500. damages for trespass and wrongful holding, and then, before the action is tried, dismiss his right to damages, and immediately turn round and file another action claiming damages and injunction?"

The Court answered this question in the negative. The reasoning of the Court on this issue is somewhat obscure, but it is some indication of how the Idaho Court might hold in a situation such as we have here.

█ In Joyce v. Murphy Land Co., 1922, 35 Idaho 549, at page 553, 208 P. 241, at page 242, the Court stated:

"We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim, *but also as to every matter which might and sould have been litigated might and should have been litigated in the first suit.*" (Italics added.)

This same rule was again asserted and approved in South Boise Water Co. v. McDonald, 50 Idaho 409, at page 414, 296 P. 591, at page 952; and in Gibbs v. Claar, 59 Idaho 763, at page 767, 87 P.2d 471, at page 472.

In McCaffrey v. Wiley, 1951, 103 Cal. App.2d 621, 230 P.2d 152, and in McNulty v. Copp, 1954, 125 Cal.App.2d 697,

271 P.2d 90, similar questions to the one we have here existed. In McCaffrey v. Wiley, supra, 230 P.2d at page 155, the Court stated:

"In the instant case, the one primary right involved was the right of the appellant to possession of the land and there was but one violation of that duty on the part of the respondent. Both actions were based on the same invasion of the same right, and under the well established rules with respect to the splitting of actions which prevails in this state the appellant should have presented his claim for damages in the prior action, and by failing to do so he must be held to have waived it."

Also, 230 P.2d on page 156, it was said:

"The question of damages for withholding the possession of land from another is closely and intimately connected with the question as to the right of possession of the land, and both rest upon the same invasion or violation of the same right. Logically, both claims should come under the well-established principles and rules prohibiting the splitting of what is, in essence and practical effect, a single cause of action."

In McNulty v. Copp, supra, it was held that the prior action between the parties in which the defendant obtained a judgment quieting title on a cross-complaint was a bar to a subsequent action for accounting and damages. The theory of the Court being that the same wrongful act gave rise to both actions and the issues raised in the subsequent action could have been litigated in the prior action. On page 95 of 271 P.2d it was concluded:

"So far as the real property action here involved is concerned in its relation to the original action the doctrine of res judicata must apply and operate as a bar to that subsequent action. Respondent cannot treat the wrongful possession of appellants and the withholding of possession as two separate acts or as a violation of two primary rights. The original action sought to quiet title to the real property and for a writ of possession as well as for cancellation of the purported deed. Assuredly this is the type of equitable action wherein the court could and should dispose of all claims relating to this property in the one action."

On page 96 of 271 P.2d the court stated:

"When the purpose of the original action here is scrutinized it is apparent that the essential deliction alleged is the wrongful possession of the real property. This is so even though the cross-complaint is in the nature of a suit to quiet title, a more usual remedy than ejectment to put one in possession of property occupied by another, and also asks that the purported deed be cancelled as an ancillary remedy to the quiet title relief sought. * * * The same wrongful act—the possession under a false claim of right—gave rise to both the original action and the real property action. To allow the subsequent real property action to be prosecuted is to allow respondent to split the same cause of action."

To the same effect see also: Reno Club, Inc., v. Harrah, 1953, 70 Nev. 125, 260 P.2d 304.

The action between these parties in the State Court was based upon the same invasion of the right to the use and benefit of irrigation water as is the instant action. Since the plaintiff could have adjudicated his claim for damages in the State Court action, it is the opinion of this Court that he should have done so. It is well settled that a multiplicity of suits between the same parties upon the same basic cause of action should not be countenanced.

In accordance with the above and foregoing, it is the considered opinion of this Court that plaintiff's action is barred by the former litigation in the State Courts.

Therefore, it is ordered that defendant's motion for a summary judgment be and the same is hereby granted.

Counsel for defendant shall prepare a proposed judgment, serve a copy of the same on counsel for the plaintiff and submit the original to the Court for approval.