Clarence Bill McCORD

v.

Frank J. POLOZOLA.

Civ. A. No. 83–12–A.

United States District Court,
M.D. Louisiana.

Feb. 1, 1983.

**JOHN V. PARKER, Chief Judge.**

Petitioner, a Louisiana State Penitentiary inmate, has filed a *pro se* constitutional tort action against the federal judge who presided at the trial at which plaintiff was convicted of unlawful flight to avoid confinement in violation of 18 U.S.C. § 1073.[1] After the federal trial, petitioner was remanded to the custody of the state authorities for completion of his sentence on the prior state conviction from which he fled. The federal conviction has been affirmed by the Fifth Circuit Court of Appeals, *United States v. McCord,* 695 F.2d 823, 1983. Alleging poverty, petitioner seeks to prosecute this action *in forma pauperis* under 28 U.S.C. § 1915.

In essence, plaintiff contends that while presiding at the trial, Judge Polozola made remarks which prejudiced his right to a fair trial and thus "violated Plaintiff's CONSTITUTIONAL AND CIVIL RIGHTS ...." For example, the complaint makes frequent references to the transcript in which Judge Polozola allegedly defamed petitioner's good name,[2] exhibited bias against petitioner, allowed the United States Attorney to make misstatements of fact to the jury and failed to disqualify himself *sua sponte* from presiding at the trial. Plaintiff's complaint prays for money damages as well as declaratory relief adjudging Judge Polozola's actions to be unconstitutional. In addition, plaintiff asks the court to issue a preliminary and permanent injunction prohibiting the defendant from making any further comment concerning petitioner or his past criminal history.

Beyond a doubt, one of the most important functions of a federal court is to steadfastly guard the rights and privileges secured by the Constitution of the United States. It cannot be gainsaid that a court's obligation in this regard is owed equally to rich and poor. No victim of unconstitutional treatment need fear that his deprivation cannot be vindicated merely because of indigency, since 28 U.S.C. § 1915 provides ready access to the courts without prepayment of costs, upon showing that he is impecunious. Once a plaintiff has demonstrated a sufficient lack of financial resources, the court must grant leave to proceed *in forma pauperis.* After leave has been granted, the district court may, upon consideration of the complaint, dismiss the suit if it is "frivolous or malicious," 28 U.S.C. § 1915(d); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981); *Watson v. Ault,* 525 F.2d 886 (5th Cir.1976); *Campbell v. Beto,* 460 F.2d 765 (5th Cir.1972).

The liberal filing procedures permitted by § 1915 facilitate the prosecution of meritorious suits, but, unfortunately, the courthouse doors are thrown open to claims of dubious substance as well, see *Watson v. Ault,* 525 F.2d 886, 890 (5th Cir.1981); *O'Connell v. Mason,* 132 F. 245, 247 (1st Cir.1904). Much of the abusive litigation spawned by § 1915 originates behind prison walls as revenge against the inexorable ennui of incarceration, see *Carter v. Telectron, Inc.,* 452 F.Supp. 944, 949 (S.D.Tex.1977); *Jones v. Bales,* 58 F.R.D. 453, 463 (N.D.Ga. 1972), aff'd per curiam, 480 F.2d 805 (5th Cir.1973). Many of these suits fall short of abusive,[3] but are nonetheless so lacking in

---

1. In 1977 McCord was convicted in Louisiana of having committed aggravated rape of a young child. He was remanded to the custody of the Sheriff of St. Helena Parish in Louisiana during the course of his appeal of that conviction. On May 29, 1979, McCord escaped and eluded capture until August 29, 1981, at which time he was placed in federal custody pursuant to a warrant for his arrest issued for a violation of 18 U.S.C. § 1073.

2. Petitioner's current state conviction is for the aggravated rape of a nine year old child. He was sentenced as an habitual offender under the Louisiana Statute.

3. Some of the more infamous examples of abusive filing result from the efforts of repetitive filers, see e.g. *Green v. Carlson,* 649 F.2d 285 (5th Cir.1981); *Green v. Camper,* 477 F.Supp. 758 (W.D.Mo.1979); *Carter v. Telectron,* 452 F.Supp. 939 (S.D.Tex.1977).

merit as to be clearly frivolous. Fortunately the court need not stand helpless while being innundated by the debris of the litigious. Section 1915(d) establishes an equitable means for the expeditious disposition of *in forma pauperis* actions whose lack of worth is obvious. The purpose of § 1915(d) has been explained as balancing the need to:

> extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, [and is also] intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harrassing those with whom they were not in accord, by subjecting them to vexations and frivolous legal proceedings.

*O'Connell v. Mason,* 132 F. 245, 247 (1st Cir.1904).

■ If ever a case came squarely within the policy of § 1915(d), it is the one currently before the court. Petitioner's claims are so totally specious as to be undeserving of consideration. Although the instant suit is groundless, it is not, however, without useful purpose. It provides the court with an opportunity to demonstrate the futility of pressing spurious claims upon a judicial system already overtaxed by serious business.

If there were substance to petitioner's claims that Judge Polozola's actions during trial deprived him of a fundamentally fair trial, I find it strange that the only such issue raised on appeal was that of disqualification. As to that claim, the Court of Appeals found it to be "without merit." That ends the matter of recusal.

Turning to petitioner's other allegations and giving the *pro se* complaint its most liberal interpretation, it does not allege that any of the Judge's supposedly wrongful acts were performed in a non-judicial ca-

pacity, see *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The complaint is replete with conclusionary allegations such as the statement that "Judge Polozola, showed extreem [sic] Prejudice Toward the Plaintiff on each and every time that Plaintiff was before Judge Polozola . . . ." Plaintiff repeatedly cites the trial transcript as clear proof of the alleged misconduct of the Judge during the course of the trial. In short, all of the grievances recited in the complaint are related to acts taken by the Judge in the exercise of his judicial duties.[4]

■ Assuming, *arguendo,* that the actions of Judge Polozola did in fact preclude plaintiff from being tried fairly, plaintiff's proper means of redress was to raise these issues on appeal of his conviction. It is well established that judges are absolutely immune from suit for damages when acting within the scope of their official functions, *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Slavin v. Curry,* 574 F.2d 1256 (5th Cir.1978). The allegations of this complaint make it crystal clear that all the allegedly tortious actions occurred during Judge Polozola's performance of his judicial duties and he is therefore absolutely immune from any claim for money damages by petitioner.

Plaintiff's demands for declaratory judgment and injunctive relief have also been examined and they are equally without merit.

■ Included in the complaint is a request that the plaintiff's case not be reviewed by "any judge within the Middle District of Louisiana" since all have supposedly demonstrated prejudice towards petitioner. No specific grounds for bias are alleged to have been exhibited by any particular judicial officer within the Middle District. Mere informal and nonspecific requests for recusal are insufficient to effect disqualification. *United States v. de la*

---

4. One of plaintiff's more ingenuous arguments is that the Judge's remarks during the trial and at sentencing unfavorably colored the opinion of the prison population and officials which

"caused Plaintiff to suffer great harm by the Prison Officials and to be harassed by them and also the prisoners . . . ."

*Fuente,* 548 F.2d 528 (5th Cir.1977). Accordingly, this demand will be refused.

This complaint is totally lacking in merit and is nothing more than the vitriolic diatribe of a disgruntled litigant against the judge who heard his case. As such, its only potentially useful feature might be to discourage other malcontents from instituting similar meritless actions.

Careful scrutiny of petitioner's complaint reveals that he can prove no set of facts which would entitle him to relief and his claims are frivolous, 28 U.S.C. § 1915(d), *Woodall v. Foti,* 648 F.2d 268 (5th Cir.1981); *Watson v. Ault,* 525 F.2d 886 (5th Cir.1976).

This action shall be DISMISSED as frivolous under 28 U.S.C. § 1915(d).