**James I. CAVINESS**

v.

**William B. SOMERS, United States Marshal for Middle District of North Carolina, Appellee.**

**No. 7192.**

United States Court of Appeals
Fourth Circuit.

Argued June 8, 1956.

Decided June 18, 1956.

---

James I. Coviness, pro se, on brief.

H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

### PER CURIAM.

This is an appeal from an order denying a petition by a prisoner to be allowed to prosecute in forma pauperis an action for damages against a United States Marshal for alleged mistreatment while confined in a county jail. The petition to be allowed to proceed in forma pauperis was denied on the ground that there was "no merit whatever in petitioner's alleged cause of action" and that "the institution of the suit would be frivolous and utterly without merit". The District Judge filed an opinion setting forth the facts which fully supported his action in denying the petition.

Assuming without deciding that appeal lies from the denial of the petition, the matter was one committed by the statute to the discretion of the District Judge and there is no basis in the record before us for holding the discretion abused. See Taylor v. Steele, 8 Cir., 191 F.2d 852, and Higgins v. Steele, 8 Cir., 195 F.2d 366. In Fletcher v. Young, 4 Cir., 222 F.2d 222, 224, we had before us an appeal from an order dismissing as without merit and frivolous an action instituted in forma pauperis on leave theretofore granted to so institute it. In sustaining the order of dismissal on motion based on the ground that the action was frivolous, we said:

"Power to dismiss an action on motion under 28 U.S.C. § 1915(d) on the ground that it is frivolous is not limited or impaired by the provisions of Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C. The ground of such motion is not a defense, within the meaning of that rule, but action in accordance with the public policy embodied in the statute, viz. that, while persons who are unable to pay costs or give security therefor should be allowed to prosecute or defend actions for the protection of their rights without being required to pay costs or give security, they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious. As said by Judge Aldrich in O'Connell v. Mason, supra, 1 Cir., 132 F. 245, 247: 'It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings.' "

Affirmed.