**Joseph ORNITZ, Plaintiff,**

v.

**Lucille ROBUCK, Individually and in her capacity as Chairman of the Kentucky Parole Board et al., Defendants.**

**No. 437.**

United States District Court,
E. D. Kentucky,
Frankfort Division.

Nov. 16, 1973.

Joseph Ornitz, pro se.

Ed W. Hancock, Atty. Gen., by Carl Miller, Asst. Atty. Gen., Frankfort, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

The complaint in this civil rights action commenced in forma pauperis contends that the warden of the Kentucky State Penitentiary interfered with plaintiff's access to public officials and assails members of the Kentucky Parole Board for numerous improprieties, including: conducting interviews with only three members present; refusal to provide an attorney at hearings; and arbitrarily denying parole. The record is before the court on motions by the defendants for dismissal or, alternatively, for transfer to the Western District of Kentucky where a similar suit is pending; the plaintiff has moved for appointment of counsel.

Ornitz cites as evidence of impermissible treatment the brevity of his interview with the parole board and its failure to adequately review his prison record or cite reasons for the denial of parole. Alleged procedural deficiencies of this nature will not be subjected to judicial supervision:

"The determination of eligibility for parole is within the sole discretion of the Board of Parole and, absent exceptional circumstances or the denial of a constitutional right, the exercise of that discretion is not reviewable by the courts. . . . The hearing . . . to determine eligibility for parole is not an adversary proceeding and no special standards govern its conduct nor are the procedural rights or privileges to be granted therein comparable to those accorded even in other types of hearings which are conducted by the Board . . ." Ott v. Ciccone, W.D.Mo., 326 F.Supp. 609, 611 (1970).

Juelich v. United States Board of Parole, 7th Cir., 437 F.2d 1147 (1971); Lewis v. Rockefeller, S.D.N.Y., 305 F. Supp. 258 (1969), aff'd, 2d Cir., 431 F.2d 368 (1970).

The plaintiff's attack upon the size of the Board is rebutted by K.R.S.

439.320, which provides that a quorum consists of three members. Questions surrounding the composition and operation of a parole board relate to the administration of a state penal system and are not properly the concern of federal courts.

> "It is well established that the administration of a state's penal system is a state function under the reserved powers in the Constitution, particularly with regard to granting of parole." Glancy v. Parole Board of Michigan Dept. of Corrections, W.D.Mich., 287 F.Supp. 34, 38 (1968).

Rose v. Haskins, 6th Cir., 388 F.2d 91 (1968), cert. denied, 392 U.S. 946, 88 S. Ct. 2300, 20 L.Ed.2d 1408 (1968). Similarly, it is uniformly agreed that appointed counsel is not required in such proceedings. Dorado v. Kerr, 9th Cir., 454 F.2d 892, 897 (1972), cert. denied, 409 U.S. 934, 93 S.Ct. 244, 34 L.Ed.2d 188 (1972); Menechino v. Oswald, 2d Cir., 430 F.2d 403 (1970), cert. denied, 400 U.S. 1023, 91 S.Ct. 588, 27 L.Ed.2d 635 (1971). It is apparent from the complaint that the allegations forwarded against the parole board do not constitute a cause of action.

■ Although the extent of the warden's interference with the plaintiff's mailing rights may be doubted in view of the unfettered flow of communications between Ornitz and this court, Wilson v. Prasse, 3d Cir., 404 F.2d 1380 (1968), it is apparent that this portion of the complaint does fall within the purview of the Civil Rights Act. Reasonable control of the mails is a legitimate result of penal security; however, correspondence between an inmate and courts or public officials relating to alleged abuses may not be infringed. Christman v. Skinner, 2d Cir., 468 F.2d 723 (1972); Corby v. Conboy, 2d Cir., 457 F.2d 251 (1972); annot. 47 A.L.R.3d 1150. The court determines, however, that this action should not be transferred to the Western District of Kentucky for consolidation with a similar suit there pending.

■ The plaintiff's motion for an attorney will be denied. 28 U.S.C. 1915(d) authorizes the court to "request an attorney to represent . . . any . . . person unable to employ counsel . . . ."; however, this section should be invoked "only in the presence of unusual circumstances." Rhodes v. Houston, D.Neb., 258 F.Supp. 546, 578 (1966), aff'd, 8th Cir., 418 F.2d 1309 (1969), cert. denied, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970). Analysis of the complaint indicates that the court would not be justified in requesting an attorney to represent the plaintiff. Moss v. Thomas, 6th Cir., 299 F.2d 729 (1962).

### ORDER

It is ordered and adjudged herein as follows:

1) That the defendants' motion to dismiss be and the same hereby is sustained as to defendants Lucille Robuck, Newton McGravy, and Charles G. Williamson, Jr. The motion is overruled as to defendant Henry E. Cowan.

2) That the complaint be and the same hereby is dismissed insofar as it pertains to defendants Lucille Robuck, Newton McGravy, and Charles G. Williamson, Jr.

3) That the defendants' motion to transfer this action to the Western District of Kentucky for consolidation with a similar suit there pending be and the same hereby is overruled.

4) That the plaintiff's motion for summary judgment be and the same hereby is overruled.

5) That the plaintiff's motion for the appointment of counsel be and the same hereby is overruled.

See Memorandum.