Luciano TRUJILLO et al., Plaintiffs,

Jose Antonio Ortiz, Plaintiff-Appellant,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

Ruby Lee McELVEEN, by her parent Roy Lee McElveen, Plaintiff-Appellant,

v.

BOARD OF PUBLIC INSTRUCTION OF PALM BEACH COUNTY, FLORIDA, et al., Defendants-Appellees.

No. 73-3537

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 1, 1974.

Bruce S. Rogow, Miami, Fla., William S. Finger, Stephen J. Press, Thomas Montgomery, Belle Glade, Fla., for McElveen, and others.

William J. Manikas, Fla. Rural Legal Serv., Pompano Beach, Fla., for plaintiffs-appellants.

Michael E. Jackson, Michael Jenks, Palm Beach, Fla., for Board of Public Inst.

Robert W. Rust, U. S. Atty., Miami, Fla., Raymond Battochi, U. S. Dept. of Justice, Washington, D. C., for U. S. A.

Monroe A. Coogler, Jr., West Palm Beach, Fla., for Palm Beach County Sheriffs Off.

Daniel Dearing, Dept. of Legal Affairs, Civ. Div., Tallahassee, Fla., for State of Fla.

R. Wm. Rutter, Jr., Asst. County Atty., West Palm Beach, Fla., for Palm Beach County.

Raymond W. Gearey, Civ. Div., Tallahassee, Fla., Kathryn H. Baldwin, Dept. of Justice, Thomas G. Wilson, Washington, D. C., for defendants-appellees.

Stephen K. Johnson, Gainesville, Fla., Brian J. Sherr, Fla. Rural Legal Serv., Delray Beach, Fla., for other interested parties.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

The appellants in this consolidated appeal initiated suits in the United States District Court for the Southern District of Florida, and moved to proceed *in forma pauperis*. Their lawyers were supplied by Florida Rural Legal Services, Inc. (FRLS). In a preliminary hearing in the McElveen case, the District Court ascertained that FRLS received $515,000 in federal funding [1] to finance its fiscal year 1973 operations, of which its officers earmarked $7,000 for paying court costs. The District Judge stated that appellants' allegation of poverty was true and their causes not clearly lacking in merit. Nevertheless, he denied the IFP motions. Reciting that the IFP statute, 28 U.S.C. 1915(a),[2] accorded him discretion in the matter, he found cause for denial in the fact that "Congress, by funding an overall legal services program, has already provided for the payment of court costs . . . ." Disagreeing with that assessment of Congress' intention, we reverse.[3]

The District Court holding was grounded in the concern that granting IFP treatment would violate traditional notions of separation of powers, interfering with an intention of Congress expressed in the Equal Opportunity Act of 1964, 42 U.S.C. §§ 2701, 2809(a)(3), to preempt the IFP statute by providing a different method for defraying court costs in the case of persons represented by OEO-funded legal aid societies.[4] We can find nothing in the Equal Opportunity Act of 1964 to suggest that Congress possessed the preemptive intent on which the District Court holding is based. The Act created

[a] "Legal Services" program to further the cause of justice among persons living in poverty by mobilizing the assistance of lawyers and legal institutions and by providing legal advice, legal representation, legal counseling, education in legal matters, and other appropriate legal services.

42 U.S.C. § 2809(a)(3). The list of specific services to be rendered does not include payment of court costs. Nor does the catchall "other appropriate legal services" mandate payment of costs.

---

1. Under the Economic Opportunity Act of 1964, 42 U.S.C. §§ 2701, 2809(a)(3), as amended, and appropriations pursuant thereto.

2. The portions of the IFP statute relevant to this appeal are as follows:
    (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
    An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.
    *    *    *    *    *
    (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
   28 U.S.C. § 1915(a), (d).

3. Because of the manner in which we dispose of this case, we pretermit the question whether § 1915(a) limits judges' discretion to instances of untruthfulness of the affidavit or lack of merit in the claim. The District Court reasoned that the word "may" in subsection (a), see note 2 supra, implied the existence of an additional area of discretion beyond the area expressly delineated in subsection (d). Appellants would harmonize subsection (a) as merely authorizing the judge to impose a less drastic sanction than dismissal when he finds the allegations of poverty untrue.

4. In Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), cited prominently by appellants, the Supreme Court held that under § 1915(a) judges could not take the attorney's means into consideration in deciding an IFP motion, even when the attorney, employed under a contingent fee contract, would share in any recovery. But *Adkins* is not directly controlling. As indicated in text, the District Judge in the present case focused not on the amount of FRLS's wealth or on the fact that its employees were attorneys, but on the source (federal appropriations) of its funds.

By tradition, clients in the United States pay their own court costs and do not look to their lawyers for subsidization. That tradition invests "other appropriate legal services" with an ordinary meaning which would exclude payment of court costs. We must presume that was Congress' intended meaning.

In sum, we hold that § 2809(a)(3) cannot bear the preemptive weight the District Court places on it. We stress that today's holding merely identifies one duty that 42 U.S.C. § 2809(a)(3) does not require of legal aid societies. We imply neither approval nor disapproval of voluntary allocation and disbursement by legal aid societies of federal money for payment of clients' court costs.

Reversed and remanded.