Elizabeth **LEVERETT** a/k/a **Marjorie Huckabee, Plaintiff,**

v.

**BISHOP FURNITURE COMPANY, INC., Defendant.**

**Civ. A. No. M–5–121.**

United States District Court, D. of South Carolina, Spartanburg Division.

May 17, 1978.

Alan Rosenblum, Staff Atty., Piedmont Legal Services, Inc., Spartanburg, S. C., for plaintiff.

## ORDER

CHAPMAN, District Judge.

This matter is before the Court upon the application of a plaintiff in a truth-in-lending case to proceed in forma pauperis under 28 U.S.C. § 1915.[1] In the complaint, which plaintiff seeks to have filed without prepayment of costs she alleges that defendant failed to make the truth-in-lending disclosures in the precise manner required by Regulation Z[2] in connection with a credit sale of household furniture. Specifically, plaintiff alleges that defendant failed to use the exact terminology specified by §§ 226.8(c)(2), (5) & (7) of Regulation Z and that defendant failed to identify the type of security interest retained in violation of § 226.8(b).

Plaintiff has submitted an affidavit as required by § 1915 in which she alleges that, because of her poverty, she is "unable to pay costs of said proceedings or give security therefor, and the imposition thereof would work a hardship." The Court also notes that the action plaintiff seeks to maintain is not frivolous but has arguable merit. However, despite the fact that plaintiff is truly poor and, despite the fact that she is seeking to prosecute a potential-

---

1. Subsection (a) provides:

 Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security there-for, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

2. 12 C.F.R. §§ 226.1 et seq.

ly valid claim, this Court has, in the exercise of its discretion, determined that plaintiff should not be allowed to proceed without prepayment of costs.

 Section 1915 was originally enacted in 1892[3] and was significantly amended in 1910.[4] The statute, as it appeared after the 1910 amendment, provided as follows: (Language added to the 1892 statute appears in italics and deleted material appears in brackets with a line of erasure.)

Sec. 1. That any citizen of the United States, entitled to commence *or defend* any suit or action, *civil or criminal,* in any court of the United States, may, *upon the order of the court,* commence and prosecute *or defend* to conclusion any [such] suit or action, *or a writ of error, or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith,* without being required to prepay fees or costs *or for the printing of the record in the appellate court* or give security therefor, before or after bringing suit or action, *or upon suing out a writ of error or appealing,* upon filing in said court a statement under oath in writing that because of his poverty he is unable to pay the costs of said suit or action *or of such writ of error or appeal,* [which he is about to commence] or to give security for the same, and that he believes *that* he is entitled to the redress he seeks by such suit or action *or writ of error or appeal,* and setting forth briefly the nature of his alleged cause of action, *or appeal.*

Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section, shall be punishable as perjury is in other cases.

Sec. 3. That the officers of court shall issue, serve all process, and perform all duties in such cases, and witness shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

Sec. 5. That judgment may be rendered for costs at the conclusion of the suit as in other cases: *Provided,* That the United States shall not be liable for any of the costs thus incurred.

The Supreme Court, in *Kinney v. Plymouth Rock Co.,*[5] construed the original statute and the 1910 amendment and found that the amendment did not change the fact that "the statute imposed *no imperative duty* to grant a request to proceed as a poor person, but merely conferred *authority* to do so when the fact of poverty was established and the case was found not to be frivolous."[6] In light of this language, it appears that the Court's discretion is not limited to ascertaining the applicant's status as a pauper and the frivolous nature of the proposed proceeding. Rather, the Court has discretion to grant or refuse a request to proceed in forma pauperis even if a true pauper seeks to institute a meritorious cause of action. Accordingly, the Court has no *duty* to permit such a pauper to proceed in forma pauperis. If any duty exists it is that the Court deny a request to proceed in forma pauperis if the applicant can afford

---

3. Act of July 20, 1892, ch. 209, 27 Stat. 252.

4. Act of June 25, 1910, ch. 435, 36 Stat. 866.

5. 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915).

6. Id. at 45, 35 S.Ct. at 237. (emphasis added).

the court costs or if the proposed action lacks merit.[7]

The view that the Court's discretion extends beyond merely determining the applicant's poverty and the merit of the cause of action is supported by the language of the current statute. Section 1915 states that the Court "*may authorize*" the applicant to proceed in forma pauperis if the requisite affidavit is filed. It does not say that the Court "*will permit*" the applicant to proceed without prepayment of costs if the Court, in its discretion, finds that the applicant is impoverished. The fact that the Court has discretion to deny in forma pauperis status, even after the poverty of the plaintiff and the merit of the cause of action is established, is implicit in cases which have granted leave to proceed in forma pauperis but have denied requests for the appointment of an attorney to represent the pauper.[8] Subsection (d) of § 1915 states that the "court may request an attorney to represent any such person unable to employ counsel." If a Court permits the filing of a complaint without prepayment of costs, it has necessarily determined that the plaintiff is a pauper and that the cause of action is not frivolous. Therefore, when such a Court refuses to request an attorney to represent the plaintiff it is exercising discretion to deny the relief provided for by § 1915 even though the plaintiff has established his poverty and the arguable merit of his claim. This observation is important because there is no significant difference between the language "may request" in subsection (d) and the language "may authorize" in subsection (a). Surely the Court's discretion is just as broad under subsection (a) as it is under subsection (d).

■■■ An impoverished plaintiff in a truth-in-lending case has no "right" to proceed in forma pauperis. If such a right did exist, it would have to be based on either the Constitution or on some statute. Applicant clearly has no constitutional right to proceed in forma pauperis. The Supreme Court addressed this issue in *Boddie v. Connecticut*[9] and *United States v. Kras*.[10] In *Boddie* the Court held that Connecticut's filing fee statute as applied to indigents seeking to institute divorce proceedings violated the indigents' due process right to access to the courts. In *Kras*, however, the Court found no due process violation in requiring an indigent seeking a discharge in bankruptcy to pay a $50 filing fee. The Court thus drew a distinction between the inherent right to dissolve a marriage and the statutory privilege of bankruptcy discharges which Congress established as a matter of public policy. The private right of action established by the Truth-In-Lending Act[11] falls under *Kras* rather than *Boddie*. This Act grants a right of action, not to recover "damages," but to recover a "penalty" amounting to twice the amount of the finance charge with the minimum penalty being $100 and the maximum being $1,000. There is no inherent right to receive the disclosures provided by Regulation Z. Rather, the disclosures are required as a matter of public policy and this policy is effectuated by private actions brought to recover the statutory penalty. Just as no constitutional right to proceed in forma pauperis exists in a truth-in-lending case, no such "right" is conferred by statute. Section 1915 confers a "privilege," not a "right."[12]

This Court bases its refusal to permit this action to be maintained in forma pauperis on the nature of the action. Plaintiff herein is not seeking to vindicate the deprivation of a constitutional right nor is she seeking access to this court to redress a

---

7. *Jefferson v. Heinze*, 201 F.Supp. 606 (N.D. Cal.1962).

8. *E. g. Ornitz v. Robuck*, 366 F.Supp. 183 (E.D. Ky.1973); *DeMaris v. United States*, 187 F.Supp. 273 (S.D.Ind.1960).

9. 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

10. 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

11. 15 U.S.C. § 1640.

12. *Williams v. Field, infra; Weller v. Dickson, infra; Jefferson v. Heinze, supra.*

grievance. She is merely seeking the windfall penalty established by the Truth-In-Lending Act which is designed to encourage compliance with its disclosure requirements. Plaintiff has sustained no "damages" as such and is not, therefore, being deprived of a "remedy" by being unable to proceed in forma pauperis.

■ This Court believes that the nature of the cause of action is a legitimate factor to consider in exercising its discretion under § 1915. Plaintiff is not being singled out by the denial of the in forma pauperis application in the instant case. This Court intends, as a matter of judicial policy, to deny all requests for in forma pauperis status from plaintiffs who come to this court seeking, not to recover damages, but to make a profit. If a plaintiff wants to use the Truth-In-Lending Act to make such a profit at the expense of the lender, this Court expects her to pay the filing fees and service costs as her initial investment in the profit making venture. In forma pauperis status should not be granted across the board to poor litigants in civil actions seeking a monetary recovery but should be "sparingly granted"[13] in "exceptional"[14] or "extraordinary"[15] cases.

Although this Court is aware of no case which has considered the nature of the Truth-In-Lending Act penalty as a factor in determining whether leave to proceed in forma pauperis should be granted there have been cases which have considered the character of the cause of action in determining whether to grant a § 1915 application. Two cases from the Ninth Circuit found that civil actions by state prisoners for damages based on 42 U.S.C. § 1983 were not sufficiently exceptional to warrant being filed without prepayment of costs. In *Weller v. Dickson*,[16] the Court, after stating

that the Court's discretion under § 1915 is "governed by situation and circumstances affecting each individual case,"[17] considered the fact that

> If actions of this nature, brought by incarcerated prisoners, are to be indiscriminately permitted they could seriously disrupt prison discipline. Moreover, they would give prisoners a field day in the courts, at public expense.[18]

In *Williams v. Field*,[19] the Court found no abuse of discretion in the district court's denial of leave to proceed in forma pauperis. It recognized the nature of the cause of action as an appropriate factor to be considered under § 1915 with the following language:

> In our consideration of the claim that the District Court has abused its discretion, it is not inappropriate to consider, along with other circumstances, the fact that the appellant is a state prisoner undertaking to recover money from his custodian, a state official, and that, in the prosecution of his suit, he seeks a special statutory privilege, namely, the financial support of the federal government.[20]

■ If the nature of the cause of action is an appropriate consideration in determining whether a prisoner will be allowed to use § 1983 to seek damages from prison officials without prepayment of fees, this consideration should surely be important in a civil action based on the Truth-In-Lending Act. At least the prisoner is seeking "damages" for deprivations of constitutional magnitude. The truth-in-lending plaintiff, however, is seeking no damages—his goal is to profit from the errors, either intentional or inadvertent, of some lender. This Court cannot, in good conscience, permit public financing of such lawsuits. The Truth-In-Lending Act opens the litigation

---

13. *Flowers v. Turbine Support Div.*, 507 F.2d 1242 (5th Cir. 1975); *Heard v. Boren*, 368 F.Supp. 1321 (E.D.Ark.1974).

14. *Williams v. Field, infra; Rhodes v. Houston*, 258 F.Supp. 546 (D.Neb.1966).

15. *Heiser v. Ellsworth*, 416 F.2d 19 (9th Cir. 1969).

16. 314 F.2d 598 (9th Cir. 1963).

17. Id. at 601.

18. Id.

19. 394 F.2d 329 (9th Cir. 1968).

20. Id. at 332.

floodgate[21] quite enough without having § 1915 pry it open even more.

The application for leave to proceed in forma pauperis should be, and it is hereby, denied.

AND IT IS SO ORDERED.

---

21. *See Harriet V. Wilson v. Allied Loans, Inc.*, Civil Action No. 77–803, 448 F.Supp. 1020 (D.S.C., filed Mar. 15, 1978), where this Court referred to the Truth-In-Lending Act as "barratrous legislation".