Mattie Ruth DILLARD, Appellant,

v.

LIBERTY LOAN CORPORATION, d/b/a
Consolidated Credit Corporation of
South Carolina, Inc., Defendant.

Legal Services Corp., Amicus Curiae.

National Consumer Law Center,
Amicus Curiae.

Margaret MORGAN, Appellant,

v.

WORLD FINANCE CORPORATION,
Defendant.

Nos. 79–1466, 79–1760.

United States Court of Appeals,
Fourth Circuit.

Submitted June 27, 1980.

Decided July 30, 1980.

Edward L. Bailey, Alan Rosenblum, Piedmont Legal Services, Inc., Spartanburg, S. C., on brief, for appellants.

Toby Sherwood, Joan D. Klein, Washington, D. C., on brief, for Legal Services Corp. as amicus curiae.

Geraldine Azzata, Stephen Speicher, Boston, Mass., on brief, for National Consumer Law Center as amicus curiae.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Mattie Ruth Dillard appeals from an order of the district court denying her petition to proceed in forma pauperis under 28

U.S.C. § 1915 with her Truth-in-Lending complaint.* We reverse and remand.

In support of her petition, Dillard, who is represented by Piedmont Legal Services, Inc., filed an appropriate affidavit setting forth facts to establish her poverty. She also stated her belief that she was entitled to redress in the form of statutory damages for violations of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, and attached a copy of her proposed complaint.

The district court denied Dillard's request to proceed in forma pauperis, but its decision was not based on findings that Dillard was able to pay fees and costs or that her action was frivolous. Instead, the court supported its decision with the reasons set forth in *Leverett v. Bishop Furniture Co.,* 451 F.Supp. 289 (D.S.C.1978). In *Leverett,* the district court denied the request of a "truly poor" plaintiff to proceed with a non-frivolous Truth-in-Lending complaint on the ground that the plaintiff sought a penalty and not the recovery of damages.

■ A district court has discretion to grant or deny an in forma pauperis petition filed under § 1915. *Graham v. Riddle,* 554 F.2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 46, 35 S.Ct. 236, 238, 59 L.Ed. 457 (1915). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).

■ Congress has determined that a plaintiff does not need to prove monetary injury to bring a meritorious suit to enforce the disclosure requirements of the Truth-in-Lending Act. "Congress gave the debtor a right to specific information and therefore, defined 'injury in fact' as the failure to disclose such information." *White v. Arlen Realty and Development Corp.,* 540 F.2d 645, 649 (4th Cir. 1975). Congress emphasized the importance of this statutory right by imposing a civil penalty although the debtor incurred no pecuniary loss. 15 U.S.C. § 1640(a)(2)(A). *See Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 376, 93 S.Ct. 1652, 1664, 36 L.Ed.2d 318 (1973). Consequently, when an indigent person seeks to proceed in forma pauperis in a Truth-in-Lending action, the sole question for the district court is whether the proposed complaint states a non-frivolous cause of action.

The Supreme Court's decision in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), holding that indigents are not exempted from paying bankruptcy fees, does not dictate a different result. The Court noted that the Bankruptcy Act formerly had a provision allowing in forma pauperis applications. It decided that the repeal of this provision after the enactment of § 1915 evidenced a specific congressional intent not to allow in forma pauperis applications in bankruptcy. 409 U.S. at 439–40, 93 S.Ct. at 634–35. The legislative history of the Truth-in-Lending Act discloses no similar exclusion.

■ The district court's second reason for denying the application was its conclusion that her counsel, a federally financed legal aid group, had sufficient funds to cover Dillard's costs. In determining indigency, however, a court may not take account of either an attorney's resources or the availability of federal funding for the legal aid law firm. *Adkins v. E. I. DuPont*

---

* 28 U.S.C. § 1915 provides as follows:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

\* \* \* \* \* \*

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

*de Nemours & Co.*, 335 U.S. 331, 344, 69 S.Ct. 85, 91, 93 L.Ed. 43 (1948); *Trujillo v. United States*, 492 F.2d 128 (5th Cir. 1974).

Identical issues are presented in *Morgan v. World Finance Corp.*, No. 79–1760, which was decided by the same district court on the basis of its opinion in *Dillard*. For the reasons stated above, the decision in *Morgan* is also reversed.

REVERSED AND REMANDED.