**Lawrence M. LYSZAJ, et al.**

v.

**AMERICAN TELEPHONE AND TELE-GRAPH AFFILIATES, etc.**

Civ. A. No. 82–0930–A–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 29, 1982.

Lawrence M. Lyszaj, pro se.

OPINION

WARRINER, District Judge.

On 19 October 1982 the Court received plaintiffs' complaint and plaintiffs' affidavits requesting leave to proceed *in forma pauperis.* The complaint alleges that plaintiffs' constitutional rights have been violated because the telephone receivers installed by AT & T are not germ-free. The question presented is whether leave to proceed *in forma pauperis* should be granted and whether the complaint should be filed pursuant to 28 U.S.C. § 1915(a).

Section 1915(a) provides that:

Any court of the United States may authorize the commencement ... of any suit, action, or proceeding ... without prepayment of fees and costs ... by a person who makes affidavit that he is unable to pay such costs.... Such affidavit shall state the nature of the action ... and affiants' belief that he is entitled to redress.

28 U.S.C. § 1915(a).

In *Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915), the Supreme Court, interpreting then recent amendments to the same statute, summarized:

that the statute imposed no imperative duty to grant a request to proceed as a poor person, but merely conferred authority to do so when the fact of poverty was established *and the case was found not to be frivolous;* that is, was considered to be

---

sufficiently meritorious to justify the allowance of the request;

*Id.* at 45, 35 S.Ct. at 237 (emphasis added). The Court held that the statute in this regard remained unchanged by the amendments then under review:

> [T]he express provisions of the amended section [manifest] the purpose to subject the granting of the right in both the new instances provided for, to the exercise of the judicial discretion to determine the poverty and good faith of the applicant *and the meritorious character of the cause in which the relief was asked.*

*Id.* at 45–46, 35 S.Ct. at 238 (emphasis added).

Some four decades following the Supreme Court's *Kinney* pronouncement, the Fourth Circuit, in *Caviness v. Somers,* 235 F.2d 455, 456 (4th Cir.1956), affirmed a district court's denial of a prisoner's petition to proceed *in forma pauperis.* "The petition to be allowed to proceed *in forma pauperis* was denied on the ground that there was 'no merit whatever in petitioner's alleged cause of action' and that 'the institution of the suit would be frivolous and utterly without merit.'" *Id.* at 456. The Circuit Court, in its *per curiam* decision, noted that "the matter was one committed *by the statute* to the discretion of the District Judge and there is no basis in the record before us for holding the discretion abused." *Id.* (emphasis added). The Caviness court quoted with approval its opinion of the preceding year in *Fletcher v. Young,* 222 F.2d 222, 224 (4th Cir.1955), *cert. denied,* 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802 (1955):

> [W]hile persons who are unable to pay costs ... should be allowed to prosecute ... actions for the protection of their rights without being required to pay costs ..., they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious.... Congress ... intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose

of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings. *Id.* at 456. *Cf. Daye v. Bounds,* 509 F.2d 66, 68 (4th Cir.1975) ("Federal courts must be diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials").

Addressing this same question in *Graham v. Riddle,* 554 F.2d 133, 134–35 (4th Cir. 1977), the Fourth Circuit explicitly defined a district court's discretion under 28 U.S.C. § 1915(a):

> Included within the district court's discretion is *the authority to deny cost-free filing when a petition is frivolous ... Caviness v. Somers,* [supra]. The district court [is] not required to go through the formalities of granting leave to file, docketing the case and then dismissing on the merits as authorized by 28 U.S.C. § 1915(d). It could properly follow the procedure of pre-filing review implicit in the discretionary authority vested in it by 28 U.S.C. § 1915(a).

*Id.* at 134–35 (emphasis added).

Later, in *Dillard v. Liberty Loan Corp.,* 626 F.2d 363, 364 (4th Cir.1980), the Fourth Circuit reversed the district court's denial of a petition to proceed *in forma pauperis* because the district court's "decision was not based on findings that [petitioner] was unable to pay fees and costs *or that her action was frivolous." Id.* (emphasis added).

> A district court has discretion to grant or deny an *in forma pauperis* petition filed under § 1915. *Graham v. Riddle,* 554 F.2d 133 (4th Cir.1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant *and the meritorious character of the cause in which the relief was asked." Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 46 [35 S.Ct. 236, 238, 59 L.Ed. 457] ... (1915). "In the absence of some improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous."

*Ellis v. United States,* 356 U.S. 674, [78 S.Ct. 974, 2 L.Ed.2d 1060] ... (1958). *Id.* (emphasis added).[1]

Standing against this line of statutory, Supreme Court, and Fourth Circuit authority is *Boyce v. Alizaduh,* 595 F.2d 948, 950 (4th Cir.1979) and *Flint v. Haynes,* 651 F.2d 970, 974, n. 13 (4th Cir.1981), *cert. denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306. In *Boyce v. Alizaduh, supra,* the Fourth Circuit approved a two-step procedure for dealing with petitions to proceed *in forma pauperis* under 28 U.S.C. § 1915:

> [T]he district court determines whether the plaintiff qualifies by economic status under § 1915(a) and then, after allowing the complaint to be docketed upon a finding of economic justification, proceeds to the next step of determining whether the action stated in the complaint is "frivolous or malicious" within § 1915(d) before permitting the issuance of process ....

*Id.* at 950. The Court noted that this two-step procedure was recommended by Judge Aldisert's committee in its "Recommended Procedures For Handling Prisoner Civil Rights Cases In The Federal Courts" (Federal Judicial Center, Tentative Report No. 2, 1977). The Court quoted from Judge Aldisert's committee report:

> "Some courts have blurred the distinction between § 1915(a) and § 1915(d) by ap-

proving a practice of denying leave to proceed *in forma pauperis* on the ground that the complaint is frivolous or malicious. The practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed *in forma pauperis.* Once leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915(d)...."

*Id.* at 950.

It is difficult to understand Judge Aldisert's concern over the blurring of distinctions between § 1915(a) and § 1915(d). It is even more difficult to understand the Fourth Circuit's acceptance of his view of the discretionary process. As the cases mentioned supra show, from its genesis in *Kinney* in 1915 through *Graham v. Riddle,* the Fourth Circuit recognized and enforced the obligation of the trial judge to examine both poverty and frivolity under § 1915(a). With no citation to its and the Supreme Court's prior authority to the contrary, *Boyce* directed that poverty only be examined under § 1915(a) and that, only after filing, should frivolity be examined under § 1915(d). Other than to quote the Aldisert recommendation the Circuit Court gave no reason for its departure from its prior settled law.[2]

---

1. In *Ellis v. United States, supra,* 674, 78 S.Ct. at 975, the Supreme Court noted:

   The only *statutory* requirement for the allowance of an indigent's appeal is the applicant's "good faith". 28 U.S.C. § 1915. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Farley v. United States,* 354 U.S. 521 [77 S.Ct. 1371, 1 L.Ed.2d 1529] [1957]. *Id.* (emphasis added). The requirement that the claims not be frivolous had been established by the Supreme Court in *Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 45–46, 35 S.Ct. 236, 237–38, 59 L.Ed.2d 457 (1915).

2. A rational question presents itself: Why does it make any difference whether the discretionary consideration of both poverty and frivolity be centered under § 1915(a) rather than considering poverty solely under § 1915(a) and considering frivolity, after filing, under § 1915(d)?

Considering both poverty and frivolity under § 1915(a) has practical advantages. In the first place, if a complaint is unquestionably frivolous, the Court need not waste any time at all considering a plaintiff's economic condition. No matter how bereft a plaintiff may be of funds, he has no right to file a frivolous complaint. A determination of poverty is made after a time-consuming process of gathering data on the funds held in a prisoner's trust account and an analysis of deposits and withdrawals therefrom for the six-month period preceding the filing of the complaint. After the analysis is made an additional period of time is allowed for the prisoner to justify free filing despite the appearance of sufficient funds to pay all or a part of the filing fee. *See Evans v. Croom,* 650 F.2d 521 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). The time spent resolving the question of a prison petitioner's economic condition sometimes takes three to four months. This time-consuming exercise is obviated if the

Even more strangely, after *Boyce* was decided in 1979, the Circuit Court had occasion in *Dillard v. Liberty Loan Corp., supra,* decided in 1980, again to consider the proper procedural process for deciding motions to proceed *in forma pauperis.* Boyce was not mentioned. Citing *Graham, Kinney,* and *Ellis,* the Court reverted to its pre-Boyce view that a decision under § 1915(a) must be made by the trial court as to both poverty and frivolity.

Finally, and enigmatically, there is a footnote in the 1981 opinion in *Flint v. Haynes, supra,* which, on the authority of *Boyce* (and without mention of the intervening *Dillard* opinion) iterates the rubric that only affiants' "economic condition" may be considered under § 1915(a).

Faced with these unexplained conflicting views, this Court must determine what the law is; should *Boyce* be followed or not? The Court concludes that it must adhere to the statutory, Supreme Court, and Fourth Circuit authority that provides for the denial of a petition to proceed *in forma pauperis* under § 1915(a) when the complaint presents only frivolous claims. Absent an explanation for the abrupt departure in *Boyce* from a consistent line of controlling

authority, this Court adheres to the law set forth by Congress in the statute, by the Supreme Court in *Kinney v. Plymouth Rock Squab Co.,* and by the Fourth Circuit in *Caviness v. Somers,* in *Graham v. Riddle,* and in *Dillard v. Liberty Loan Corp.*

Under this controlling line of authority, the disposition of the instant request to proceed *in forma pauperis* is clear: When petitioners come before the Court with a complaint so utterly frivolous, so obviously lacking in good faith,[3] and so plainly intended as an expression of disrespect for the Court, whose office it is to decide serious questions of constitutional deprivation, the complaint ought not to be dignified with anything but the curtest dismissal.

Even if every detail in the complaint be accepted as true, no constitutional deprivation exists. The Constitution has absolutely nothing to say about chance germs found on a prison telephone. The telephone company's alleged failure to provide antiseptic telephones in the prison is a matter on which the Constitution, no matter how vibrant, flexible, living, or expansive it might be considered, is simply silent.

If petitioners again attempt to take up the Court's time and the taxpayer's money

Court can exercise discretion under § 1915(a) when frivolousness is conclusively shown by the complaint.

In addition to considerations of time, significant sums of money can be saved for the taxpayers by dismissing under § 1915(a) without filing a frivolous suit. The determination of the economic condition of the plaintiff, as outlined hereinabove in this footnote, is not only time-consuming, it is expensive. It takes up time of court personnel, magistrates, and the judge. In addition, it consumes time of State prison personnel in analyzing and forwarding a record of deposits and withdrawals in the prisoner's trust account.

Filing itself, even though immediately followed by dismissal under § 1915(d), is expensive at the time of filing and it continues to cost the taxpayers for several years to come. Clerk's office personnel must attend to a meticulous and detailed process for the filing of a lawsuit. The file then must be maintained in the Clerk's office until forwarded to the archives, there to be maintained for a number of years until it is permitted by law to be destroyed. Such care, maintenance, transportation, storage, and destruction cost the taxpayers money.

A final reason for dismissing without filing is of the spirit. Frivolous lawsuits should not be dignified by the exercise of judicial discretion permitting filing. The filing of a frivolous suit upon full payment of filing fees is disgraceful, but at least that does not have the imprimatur of a judge directing a clerk through entry of a formal order that it should be filed.

It should be added that considering both poverty and frivolity under § 1915(a) does not rob § 1915(d) of any office. A lawsuit which passes muster under both prongs of § 1915(a) may later be determined to be frivolous. Under such circumstances it may be dismissed under § 1915(d).

3. *See* n. 1. In *Ellis v. United States, supra,* the Supreme Court stated that the statutory requirement of "good faith is established by the presentation of any issue that is not plainly frivolous." *Id.* 356 U.S. at 674, 78 S.Ct. at 975. In the instant case, the complaint presents only frivolous issues, thus by definition the statutory requirement of "good faith" is unsatisfied. *See also Dillard v. Liberty Loan Corp.,* 626 F.2d 363, 364 (4th Cir.1980).

to process frivolous suits such as this, petitioners will be in imminent danger of being punished for contempt of court.

The petition to proceed *in forma pauperis* will be DENIED, and the complaint will be DISMISSED.

An appropriate order shall issue.