801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cedric Anthony RANKINS, Plaintiff-Appellant,
v.
B.T. WESTERFIELD, Doris S. Hairston, Steve A. Marshall,
Everette E. Rakes, Defendants-Appellees.
 No. 86-7201.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 28, 1986.
Decided Sept. 24, 1986.
 
 Cedric Anthony Rankins, appellant pro se.
 Mary Sue Terry, Office of the Attorney General, for appellees.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, ERVIN and WILKINS, Circuit Judges.
 
 
 1
 PER CURIAM;
 
 
 2
 Cedric Rankins filed a civil rights claim under 42 U.S.C. Sec. 1983 alleging that prison guards denied him medical treatment. Rankins petitioned for in forma pauperis status. A partial fee of $21.94 was assessed and an extension of time for payment was granted. Finally, upon nonpayment, the case was dismissed without prejudice.
 
 
 3
 Like any litigant, a pro se litigant may be forced to answer the question whether the issue at suit is worth the cost of pursuing the claim. Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982). The granting of in forma pauperis status is within the sound discretion of the district judge. Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). The filing fee is precisely 15% of the funds deposited in Rankins' inmate account over the past six months. See Evans v. Croom, supra. Rankins failed to cite any special circumstances explaining why the filing fee was unfair or excessive.
 
 
 4
 We therefore affirm the judgment of the district court. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.