**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1661**

———————

NAQUEA ELAINE JOHNSON,

Plaintiff - Appellant,

v.

STATE OF NEW JERSEY; COMMONWEALTH OF VIRGINIA; NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY, a state agency; OFFICE OF ATTORNEY GENERAL STATE OF NEW JERSEY, a state agency; UNITED STATES DEPARTMENT OF JUSTICE, a federal agency; FEDERAL BUREAU OF INVESTIGATION, a federal agency; UNITED STATES MARSHALS SERVICE, a federal agency; UNITED STATES DEPARTMENT OF AGRICULTURE, a federal agency; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, a federal agency; CITY OF NORFOLK POLICE DEPARTMENT, a municipal law enforcement agency; MATTHEW PLATKIN, individually and in his official capacity as Attorney General for the State of New Jersey; COMMISSIONER CHRISTINE NORBUT BEYER, individually and in her official capacity as Commissioner of NJ Division of Children, Protection and Permanency (DCPP); HONORABLE SHARIFA RASHIDA SALAAM, individually and in her official capacity as Judge of the Superior Court of New Jersey, Essex Vicinage; LYN SIMMONS, individually and her official capacity as Judge of the Norfolk Juvenile and Domestic Relations District Court; HONORABLE RANDOLPH CARLSON, individually and in his official capacity as Judge of the Norfolk Juvenile and Domestic Relations District Court; HONORABLE ALDO RUSSO, individually and his official capacity as Judge of the Superior Court of New Jersey, Essex Vicinage; ALEJANDRO TORRES, individually and his official capacity as Intake Supervisor for Norfolk Juvenile and Domestic Relations Court; JAMES D. GARRETT, individually and in his official capacity as Court Appointed Guardian ad Litem; ALLISON ANDERS, individually and in her official capacity as legal counsel; JUSTIN BUSH, individually and his official capacity as legal counsel; TIFFANY CLARKE-BURROUGHS, individually and her official capacity as Attorney of Burroughs Family Law LLC; SCOTT COHEN, individually and his capacity as Agency Director of G&L Transcripts of NJ; G&L TRANSCRIPTS OF NJ, a New Jersey Corporation;

WILLIAM BRANCH, individually and not in his official capacity as an employee of the National Archives and Records Administration; ANSON BRETT ORR, individually; DIANTHE MARTINEZ-BROOKS, a/k/a Dawn Orr, individually; ALAN CLINTON WILSON, individually; DIONNE WILLIAMS, individually and not in his official capacity as an employee of the United States Department of Agriculture; TAHAJA WILSON, individually,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, Chief District Judge. (2:25-cv-00186-MSD-DEM)

---

Submitted: September 25, 2025                    Decided: September 29, 2025

---

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Naquea Elaine Johnson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Naquea Elaine Johnson appeals the district court's order denying her motion to proceed in forma pauperis. Having reviewed the record and Johnson's submissions on appeal, we conclude that the district court did not abuse its discretion in denying Johnson's motion.[*] *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). Accordingly, we affirm the district court's order. *Johnson v. New Jersey*, No. 2:25-cv-00186-MSD-DEM (E.D. Va. June 6, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] A district court's order denying a motion to proceed in forma pauperis is immediately appealable. *Roberts v. U.S. Dist. Court*, 339 U.S. 844, 845 (1950). Although this court granted Johnson's motion to proceed in forma pauperis on appeal, we decline to disturb the district court's order given our deferential standard of review. *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) ("Reversal for abuse of discretion is reserved for those instances in which the court is clearly wrong; a[ decision] within the discretion of the court should be affirmed even though we might have exercised that discretion quite differently." (internal quotation marks omitted)).