**Marvin B. SMITH, III, Sharon H. Smith, Plaintiffs-Appellants,**

v.

**HSBC BANK USA, NATIONAL ASSOCIATION, Wells Fargo Bank National Association, S. Andrew Shuping, Jr., Shuping, Morse and Ross, LLP, Rubin Lublin, LLC, et al., Defendants-Appellees.**

**No. 16-11045**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

Filed (February 13, 2017)

Marvin B. Smith, III, Pro Se

Sharon H. Smith, Pro Se

Christopher Scott Anulewicz, Balch & Bingham, LLP, Atlanta, GA, Geremy Walden Gregory, Balch & Bingham, LLP, Jacksonville, FL, for Defendants-Appellees HSBC Bank USA, National Association, Wells Fargo Bank National Association

Johannes S. Kingma, Carlock Copeland & Stair, LLP, Atlanta, GA, Tyler Wetzel, Carlock Copeland & Stair, LLP, Atlanta, GA, for Defendants-Appellees S. Andrew Shuping, Jr., Shuping, Morse and Ross, LLP

Bret Jacob Chaness, Rubin Lublin, LLC, Peachtree Corners, GA, for Defendants-Appellees Rubin Lublin, LLC, Bret Jacob Chaness, Peter Lawrence Lublin

Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiffs Marvin and Sharon Smith, proceeding pro se,[1] appeal the district court's denial of their motion to remand and the district court's dismissal with prejudice of their complaint. Reversible error has been shown; we affirm in part and vacate in part and remand.

Briefly stated, this appeal arises from the foreclosure proceedings on Plaintiffs' home in St. Simons Island, Georgia. In 2007—after Plaintiffs defaulted on a number of loans, including the mortgage loan on their home—Plaintiffs filed for bankruptcy ("Smith I"). Between 2009 and 2012, the bankruptcy court, the district court, and this Court issued several rulings in connection with a dispute that arose about the ownership of a security deed on the property. For background, see In re Smith, No. 07-20244, 2012 WL 4758038 (Bankr. S.D. Ga. Sept. 17, 2012).

Ultimately, the bankruptcy court enjoined Plaintiffs from filing—without first obtaining the bankruptcy court's leave—a pleading or motion against Countrywide Home Loans Servicing, LP, or its successor, BAC Home Loans Servicing, LP. The bankruptcy court explained that Plaintiffs had "advanced groundless and patently frivolous litigation over the past three years solely to harass a secured creditor and to prevent the enforcement of an order of this Court." Because Plaintiffs' conduct demonstrated a bad faith abuse-of-process, the bankruptcy court determined that sanctions were warranted.

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

This Court later expanded the bankruptcy court's injunction by enjoining Plaintiffs "from filing any pleadings, motions, or other papers seeking any form of relief against" Countrywide Home Loans, Inc., as servicing agent for HSBC Bank USA, and substituted party BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP "and/or any of its predecessor or successor entities in any action in any other court, state or federal, in the United States, without first obtaining leave from the district court." See In re Smith, No. 13-13808 (11th Cir. Dec. 19, 2013) (unpublished).

Plaintiffs then filed a lawsuit in the Southern District of New York ("Smith II"), further challenging the foreclosure proceedings on their home. Plaintiffs named as defendants HSBC Bank, National Association, Wells Fargo Bank, and the law firms and lawyer involved in handling the foreclosure sale. The case was transferred to the Southern District of Georgia.

While Smith II was still pending, Plaintiffs filed this civil action in a state court in Glynn County, Georgia. Plaintiffs moved the state court to enter a temporary restraining order ("TRO") to enjoin the foreclosure sale. The state court denied Plaintiffs' request for a TRO, noting Plaintiffs' "established history of engaging in frivolous litigation."

Following the foreclosure on their home in May 2015, Plaintiffs withdrew voluntarily Smith II and amended the present action to encompass the same defendants and claims as asserted in Smith II. Plaintiffs did not, however, name as defendants Countrywide Home Loans, Inc., BAC

Home Loan Servicing, LP or either company's predecessor or successor entities.

Defendants removed the case to federal court. The district court denied Plaintiffs' motion to remand back to state court and dismissed Plaintiffs' complaint with prejudice. This appeal followed.

## I.

We review de novo the district court's denial of a motion to remand to state court. Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1328 (11th Cir. 2010).

■ We reject Plaintiffs' argument that the district court lacked subject-matter jurisdiction over Plaintiffs' complaint. The Rooker-Feldman[2] doctrine is inapplicable to this case because the denial of Plaintiffs' TRO request constituted no final state court judgment. See O.C.G.A. §§ 9-11-54(a) (defining "judgment" to include "a decree and any order from which an appeal lies"), 5-6-34(a)(7) (no appeal lies from an order on a motion for a TRO); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Nicholson v. Shafe, 558 F.3d 1266, 1268 (2009) (under Rooker-Feldman, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments").

■ To the extent Plaintiffs now contend that subject-matter jurisdiction was lacking based on the Younger[3] abstention

**2.** District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fid. Trust Co.,

263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

**3.** Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

doctrine, Plaintiffs raise that argument for the first time on appeal. Because Plaintiffs failed to raise that issue before the district court, it is not properly before us. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

The district court exercised properly subject-matter jurisdiction over Plaintiffs' case and committed no error in denying Plaintiffs' motion for remand.

## II.

In its order of dismissal, the district court cites both to Rule 41(b) and to cases discussing a court's inherent authority to impose appropriate sanctions. We address each approach in turn.

We review for abuse of discretion a district court's decision to dismiss a case under Rule 41(b). Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).

■ Rule 41(b) authorizes a district court to dismiss a case for failure to comply with a court order. Fed. R. Civ. P. 41(b). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice under Rule 41(b) is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton, 178 F.3d at 1374; see also Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (Rule 41(b) dismissal is warranted only when "a party engages in a clear pattern of delay or willful contempt (contumacious conduct)."). We stress that dismissal of a complaint with prejudice "is considered a sanction of last resort, applicable only in extreme circumstances." Goforth, 766 F.2d at 1535.

In its dismissal order, the district court acknowledged that—by not naming as defendants Countrywide Home Loans, Inc. or BAC Home Loans Servicing, LP— "Plaintiffs ostensibly avoided violating the letter" of this Court's earlier injunction order. Despite this, the district court concluded that dismissal with prejudice was warranted given Plaintiffs' history of "vexatious and abusive litigation," and Plaintiffs' "refus[al] to quell their incessant abuse of judicial time and resources, despite sanctions and warnings."

To the extent the district court dismissed Plaintiffs' complaint pursuant to Rule 41(b), the district court abused its discretion. Based on its plain language, involuntary dismissal under Rule 41(b) may be triggered only if a plaintiff fails to prosecute his case, fails to comply with the Federal Rules of Civil Procedure or—pertinent to this appeal—fails to comply with a court order. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (emphasis added)); cf. State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("Dismissal is generally reserved for cases of willful disobedience to court orders."). Because the district court concluded—and we agree—that Plaintiffs did not in fact violate this Court's injunction order, Rule 41(b) has no application in this case: error to dismiss for doing something not forbidden by the pertinent underlying court order.

■ Apart from Rule 41(b), to the extent the district court dismissed Plaintiffs' complaint based on some inherent authority to impose sanctions, we conclude the dismissal with prejudice also constituted an abuse of the district court's discretion. We have found no binding case law from this Court or from the United States Su-

preme Court recognizing a district court's inherent authority (one not tied to a specific Rule or Statute) to dismiss with prejudice a complaint—particularly without an opportunity to amend or to dismiss voluntarily without prejudice—on grounds that the complaint was patently frivolous or vexatious. We have observed that some other circuits have upheld such dismissals. See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir. 1983) (citing O'Connell v. Mason, 132 F. 245 (1st Cir. 1904)). But these other-circuit cases are not much like this case in their circumstances. Because Jefferson involved no allegation of frivolity or vexatiousness, we declined to decide whether, and the circumstances in which, a complaint may be dismissed for being patently frivolous. See id. at 526 n.3 ("We do not hold that cases cannot, if proper procedures are followed, be dismissed when they are so patently lacking in merit as to be frivolous.").[4]

Especially given the lack of precedent supporting a dismissal not tied to a specific Rule or Statute, we conclude that the district court in this case acted outside its authority in dismissing Plaintiffs' complaint; we vacate the dismissal and remand for further proceedings.[5]

---

4. Although the district court found that dismissal was appropriate, the Court did not expressly find that no lesser sanction would do.

5. In vacating the district court's dismissal order, we make no determination about whether Plaintiffs' complaint may be subject to dismissal on other grounds. To the extent Defendants have raised alternative arguments in favor of dismissal, we remand for the district court to consider these arguments in the first instance. We also do not rule out sanctions being imposed later in this case.
   We note that one appellee has suggested in passing that dismissal of Plaintiffs' complaint might be supported by 28 U.S.C.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

§ 1915(e)(B)(i), pursuant to which a court may dismiss "at any time" a complaint filed in forma pauperis upon a determination that the case is "frivolous or malicious." Plaintiffs' complaint was filed initially in state court, where Plaintiffs received permission to proceed without payment of the filing fee based on O.C.G.A. § 9-15-2. Upon removing the case to federal court, Defendants paid the district court's filing fee. Plaintiffs have since paid the appellate filing fee in this Court. Because filing fees have been paid in both the district court and in this Court—and because the district court in no way relied on its power to dismiss under section 1915(e)—we do not reach that issue on appeal.