[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10736
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00070-LGW-RSB

MARVIN B. SMITH, III,
SHARON H. SMITH,

                                        Plaintiffs - Appellants,

versus

HSBC BANK USA, NATIONAL ASSOCIATION,
WELLS FARGO BANK, NATIONAL ASSOCIATION,
S. ANDREW SHUPING, JR.,
SHUPING, MORSE AND ROSS, LLP,
RUBIN LUBLIN, LLC, et al.,

                                        Defendants - Appellees,

S. ANDREW SHUPING, JR.,

                                        Defendant.

_____

No. 18-12349
Non-Argument Calendar
_____

D.C. Docket Nos. 2:17-cv-00156-LGW,
07-bkc-20244-MJK

In Re: MARVIN B. SMITH, III,
SHARON H. SMITH,

                                        Debtors.

MARVIN B. SMITH, III,
SHARON H. SMITH,

                                        Plaintiffs – Appellants,

versus

HSBC BANK USA,
HSBC BANK USA, N.A.,HSBC BANK USA,
National Association as Trustee for the Holders
of BCAP LLC Trust 2006-AA2,

                                        Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(May 20, 2019)

Before MARTIN, JORDAN, and EDMONDSON, Circuit Judges.

2

PER CURIAM:

In this consolidated appeal, Plaintiffs Marvin and Sharon Smith (proceeding pro se)[1] appeal three district court orders issued in Plaintiffs' bankruptcy proceedings and in Plaintiffs' related civil litigation challenging the foreclosure on their home. No reversible error has been shown; we affirm.

I.    Background

Briefly stated, this appeal stems from the foreclosure proceedings on Plaintiffs' home in St. Simons Island, Georgia. This appeal has a complicated and lengthy procedural history. We summarize the facts and proceedings only as necessary to provide context for our decision.

A. Smith I

---

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In 2007, Plaintiffs filed for bankruptcy after defaulting on their mortgage loan ("Smith I").  The Smith I litigation remained pending for several years and resulted in a number of rulings from the bankruptcy court, from the district court, and from this Court.  For background, see In re Smith, No. 07-20244, 68 Collier Bankr. Cas. 2d (MB) 763 (Bankr. S.D. Ga. Sept. 17, 2012).  On 1 June 2016, the bankruptcy court entered an order discharging Plaintiffs' debt under Chapter 7.

In July 2017, Plaintiffs moved the bankruptcy court to stay a writ of possession granted to HSBC Bank USA, N.A. ("HSBC"), which Plaintiffs said violated the bankruptcy court's automatic stay.  On 5 December 2017, the bankruptcy court denied Plaintiffs' motion as barred by res judicata.  The bankruptcy court relied on the district court's 9 August 2017 order denying a materially similar motion to stay filed by Plaintiffs in Smith II.  The district court affirmed the denial on appeal; Plaintiffs now appeal that decision (docketed as Appeal No. 18-12349).

### B.  Smith II

Meanwhile, in 2015, Plaintiffs filed a separate civil action challenging the foreclosure proceedings on their home ("Smith II").  Briefly stated, Plaintiffs

challenged the validity of the assignment of the security deed on their property.

The district court dismissed, with prejudice, Plaintiffs' complaint for failure to

comply with a court order.  We remanded on appeal.  See Smith v. HSBC Bank

USA, N.A., 679 F. App'x 876 (11th Cir. 2017) (unpublished).

In August 2017, Plaintiffs -- having received no ruling from the bankruptcy

court on their July 2017 motion to stay in Smith I -- sought from the district court

in Smith II a stay of HSBC's writ of possession.  The district court denied the

motion on 9 August 2017.

On 1 September 2017, the district court dismissed Plaintiffs' amended

complaint in Smith II.  In pertinent part, the district court concluded that Plaintiffs'

"fraud on the court" claim was barred by res judicata.[2]  Plaintiffs appeal both the

district court's dismissal of their amended complaint and the district court's 9

August 2017 denial of Plaintiffs' motion to stay (docketed as Appeal No. 18-

10736).

II.    Appeal No. 18-10736

---

[2] On appeal, Plaintiffs raise no challenge to the district court's dismissal of their claims for violations of the federal Racketeer Influenced and Corrupt Organizations Act, the Federal Debt Collection Protection Act, or Plaintiffs' constitutional due process rights.  Nor do Plaintiffs challenge the district court's decision to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Accordingly, none of those claims are before us on appeal.

A.  Dismissal of Plaintiffs' "Fraud on the Court" claim in Smith II

The district court concluded that Plaintiffs' "fraud on the court" claim was barred by res judicata based on an order issued by the bankruptcy court in September 2012.  The district court rejected Plaintiffs' argument that res judicata was inapplicable because the two cases involved different parties: the district court determined that privity existed between HSBC and Countrywide Home Loans, Inc. ("Countrywide").

We review de novo a district court's dismissal of a claim as barred by res judicata.  Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006).

Plaintiffs have failed to demonstrate that the district court erred in dismissing their "fraud on the court" claim.  Plaintiffs argue that "[r]es judicata cannot be applied to this case due to new evidence and because this Court has already ruled that HSBC Bank USA, N.A. and Countrywide Home Loans, Inc. are not the same parties." (citing to our earlier decision in Smith v. HSBC Bank USA, N.A., 679 F. App'x 876 (11th Cir. 2017)).

6

Plaintiffs' arguments are without merit.  First, our earlier ruling -- made in a different context -- that HSBC and Countrywide are not the same party is not determinative of whether <u>res judicata</u> bars Plaintiffs' fraud claim.  Under <u>res judicata</u>, a claim is barred by earlier litigation if, among other things, both cases involve identical parties <u>or those in privity with them</u>.  <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999).  Here, the district court concluded expressly that sufficient privity existed between HSBC and Countrywide for purposes of <u>res judicata</u>.  Construed liberally, Plaintiffs' appellate brief raises no challenge to the district court's privity determination on appeal.

About Plaintiffs' "new evidence" argument, Plaintiffs provide no explanation for why the purported "new evidence" (a document filed in 2007 with the United States Securities and Exchange Commission) could not have been raised earlier in the bankruptcy court.  <u>See id</u>. ("Res judicata bars the filing of claims which were raised or <u>could have been raised</u> in an earlier proceeding." (emphasis added)).  We also reject -- as conclusory and unsupported by binding precedent -- Plaintiffs' assertion that the doctrine of <u>res judicata</u> may not be applied to bar claims alleging fraud.

Moreover, the district court abused no discretion in dismissing Plaintiffs' complaint without leave to amend.  Plaintiffs had already amended their complaint

7

once before.  In addition, Plaintiffs' motion for leave to amend failed to "set forth the substance of the proposed amendment" or to otherwise explain how a more carefully drafted complaint could state a claim for relief.  See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).

### B.  Denial of Plaintiffs' Motion to Stay in Smith II

Plaintiffs moved the district court to stay the writ of possession granted to HSBC on 20 October 2016; Plaintiffs say that the writ violated the bankruptcy court's automatic stay.  On 9 August 2017, the district court denied the motion on the merits, concluding that HSBC had been granted relief from the automatic stay.

The filing of a bankruptcy petition operates as an automatic stay against several actions by creditors, including actions "to obtain possession of property of the estate . . . or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  The stay expires by operation of law upon the bankruptcy court's grant of a Chapter 7 discharge for the debtor.  11 U.S.C. § 362(c)(2)(C).

Here, Plaintiffs' automatic stay expired on 1 June 2016: the day the bankruptcy court granted Plaintiffs a Chapter 7 discharge.  Accordingly, the 20 October 2016 writ of possession constituted no violation of the already-expired

8

automatic stay.  The district court committed no error in denying Plaintiffs' motion to stay the writ of possession.


III.    Appeal No. 18-12349


Plaintiffs next appeal the district court's affirmance of the bankruptcy court's denial of Plaintiffs' motion to stay HSBC's writ of possession in Smith I. The bankruptcy court concluded that the motion was barred by res judicata based on the district court's 9 August 2017 denial of a stay in Smith II.

We review de novo the bankruptcy court's legal conclusions and review the bankruptcy court's factual findings for clear error.  Finova Capital Corp. v. Larson Pharmacy, Inc., 425 F.3d 1294, 1299-1300 (11th Cir. 2005).

On appeal, Plaintiffs argue that res judicata is inapplicable because the district court's 9 August 2017 order was no "final judgment."  Cf. Ragsdale, 193 F.3d at 1238 (res judicata applies only if four conditions are met, including that a prior final judgment on the merits exists).  Plaintiffs rely on our earlier ruling that the 9 August 2017 order was an interlocutory order over which we lacked jurisdiction to review on appeal.  See Smith v. HSBC Bank USA, N.A., No. 17-13622, 2018 U.S. App. LEXIS 20449, at *1-2 (11th Cir. July 23, 2018).

9

Although the 9 August 2017 order was no "final judgment" when first issued, it became a final appealable order once the district court entered final judgment dismissing Plaintiffs' amended complaint in September 2017. Accordingly, the bankruptcy court concluded correctly -- in December 2017 -- that the 9 August 2017 order was a "final judgment" for purposes of res judicata.  See Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892-93 (11th Cir. 2013) (applying res judicata effect to an interlocutory order that was later rendered "final" upon the district court's entry of final judgment).

IV.    Constitutional Due Process

On appeal, Plaintiffs assert violations of their Fifth Amendment due process rights.  Plaintiffs say that they have been denied unconstitutionally an opportunity to show that HSBC was no real party in interest; Plaintiffs contend the courts have dismissed Plaintiffs' argument as frivolous.  Plaintiffs argue that the bankruptcy court violated due process by waiting four months to rule on Plaintiffs' "emergency" motion for a stay.  Plaintiffs also say that the district court's refusal to consider "new evidence of fraud" constituted a due process violation.

Plaintiffs' conclusory arguments are without merit.  The record makes clear that Plaintiffs have been given ample notice and opportunities to be heard -- in the bankruptcy court, the district court, and in this Court -- throughout the course of this litigation.  That Plaintiffs are dissatisfied with the outcome of the proceedings establishes no constitutional violation.

AFFIRMED.

11